# John W. Cathcart

*v.*

# Kortum. K. Peck et al.

A judgment need only be signed by the clerk ; the signature of the judge thereto is unnecessary.

The corporate authorities of the town of Le Sueur, having purchased, in accordance with chapter 33 of the Public Statutes, the lands embraced in the site of the said town, conveyed certain portions thereof claimed by the plaintiff, to the defendants. *Held,* that in an action brought by the plaintiff to set aside said deeds, and to compel the town authorities to convey to him, it is not necessary for plaintiff to allege or show that he paid or tendered to said corporate authorities any part of the sum expended in entering said lands.

The fact that the defendants furnished the means to pay for the lands, gives them no title to or lien upon them.

After judgment, the defendant cannot avail himself of the objection that the complaint is indefinite or uncertain, if it state facts sufficient to constitute a cause of action.

The portion of an answer consisting of legal conclusions, evidence, or irrelevant or redundant matter, may be stricken out on motion.

A traverse or denial should not be of a negative allegation, or of time that is immaterial, or of legal conclusions.

One of the defendants having failed to answer, a co-defendant, who shows no interest in sustaining his title, cannot, without authority, defend for him.

The district court may, in its discretion, order a pleading to be made more definite, and unless the discretion is abused, this court will not review the order, and on the neglect or refusal to make the pleading more certain, the court may strike out the portion objected to as indefinite.

The corporate authorities of Le Sueur City, in accordance with Chap. 33 of the Public Statutes, and the act of Congress relating thereto, entered and purchased the lands embraced in the site of said town, in trust for the occupants thereof. The plaintiff, claiming to be an occupant of a portion of said lands, and that said corporate authorities had wrongfully deeded to others, portions of the lands occupied by him, and to which he was entitled to a conveyance, brings this action in the District Court for Le Sueur county, against the said corporate authorities, and parties claiming adversely to him, and those who had received deeds of portions of his claim, to set aside the said deeds, and to compel the said authorities to execute to him a deed of said lands claimed and occupied by him. The complaint sets out, at length, the facts relating to said entry; the plaintiff's occupancy and improvements made; that notice of such entry was given by said corporate authorities as required by said statute; that plaintiff delivered to said corporate authorities his statement of claim within 60 days from the first publication of such notice; his demand of a conveyance from said corporate authorities, and their conveyance of portions of the lands claimed by him to defendants &c. Two only of the defendants answer, Kortum K. Peck and Dennis L. Peck. On motion of plaintiff the court below ordered certain portions of the answer of said defendants to be stricken out as irrelevant and redundant. The first of these is as follows: "But these defendants deny that the said maps or plats ( one alleged by plaintiff to be made and filed by him) was regularly or lawfully made, or that the same is or ever was a valid public record in the said Registers office." The answer alleges, that the plaintiff, after his survey, &c., abandoned said survey, and changed the lines, and nature and character of his claim, to one under the pre-emption laws. The second portion of the answer stricken out, were allegations respecting the plaintiff's entry, under the pre-emption laws, of certain lands, and his survey and plotting of the same as Cathcart's Addition to Le

Sueur City. The third is as follows: "And these defendants deny all that part of the said complaint included in the following words—that neither of the defendants nor any of them occupied or improved the said blocks, lots, and fractions of lots in said statement (plaintiff's statement of his claim which he delivered to said corporate authorities which appears *hæc verba* in the complaint) mentioned, nor any part nor portion of the same at the time of the said survey, or making and recording of said plat, nor at any other time whatever; and the said plaintiff alleges, that neither of the said defendants have any right, title or interest in or to the said lots, blocks, or parcels or parts of lots, or any one thereof." The fourth is as follows: "And these defendants deny that there are, or that there has at any time since the said plaintiff so abandoned his said claim, * * * and the said survey and plat, been any such blocks or lots or fractions of lots as are mentioned in the said statement; the said plat by which the same were so designated, having been by the said plaintiff who certified the same as proprietor thereof, abandoned and abrogated, and he having superseded the same by a subsequent survey and plat of a large portion of the lands included therein, and by him certified as proprietor under the name of Cathcart's Addition to Le Sueur." The fifth is as follows: "And these defendants further answering, say, that the said Kortum K. Peck, and those claiming under him, caused the said entry to be made under the said town site act of Congress, and furnished the entire means to pay for the lands, and the expenses incident thereto, and that the said plaintiff did not furnish, nor offer to furnish, any of the means to pay for the said lands, or the said expenses, though he well knew that the said application for said purchase and entry had been made at the said land office long prior to the time when the said entry was in fact made, nor has the said plaintiff ever refunded or offered to refund to the said K. K. Peck, or to any other person, the money or any part of the money to procure the said entry of the said lands,

Cathcart v. Peck et al.

or any part thereof; nor has the said plaintiff ever paid any part of the taxes which have been assessed upon the said land, but the said north-west quarter of said section thirty-six has been assessed to, and the taxes paid by the said Kortum K. Peck." The sixth is in relation to the delivery by the defendent, Nathan Myrick, of his statement to the town authorities, claiming portions of said lands which he had purchased from K. K. Peck. The seventh is as follows: " But these defendants deny that the said statement (plaintiffs statement of claim) was or is in point of fact true, because they say, that the plat mentioned and referred to in said statement, was irregular, unlawful and void, and had been abandoned by the said plaintiff, * * * and did not at the date of the said statement or at any other time lawfully exist; that the line between the settlement and claim of the said Kortum K. Peck and the said claim of the said plaintiff mentioned in the said statement as the line above described, was not agreed upon between the original proprietors of said town, as is alleged in the said statement, but on the contrary, the said Kortum K. Peck when requested by the said plaintiff so to do, anterior to the public survey of said land, expressly declined to agree upon such line, for the reason that the public surveys might change them, and the lines fixed and established thereby would control the entries; and the said plaintiff was not, as is alleged in the said statement, the first settler on the land intended to be described in and by the said statement, nor was he the original proprietor, or ever a proprietor thereof, or of any part thereof, or did he then or ever hold or occupy the said land, or any part thereof." The eighth and last was in relation to the lands alleged in the complaint to have been deeded by the corporate authorities to H. M. Rice, who claimed through Kortum K. Peck.

Certain other portions of the answer were, on motion of plaintiff, ordered to be made more definite and certain, and in default thereof to be stricken out; and the defendants failing

to make such portions more definite and certain, these were also stricken out. The portions stricken out under this objection are as follows: "And these defendants further answering say, that the defendant Kortum K. Peck settled and became a resident upon the lands included in the site of Le Sueur City, in the month of October, 1852, and has ever since that time resided and still resides thereon, * * * and that the said Kortum K. Peck has made and caused to be made thereon large and extensive improvements for town purposes, and that all the settlements and buildings upon lots in said town have been made under rights or titles derived directly or indirectly from the said Kortum K. Peck." These constitute all the allegations of improvement and occupancy contained in the said answer.

The plaintiff then moved for judgment upon the pleadings which was granted, and judgment was entered and signed by the clerk of the court, January 13, 1863. On the 26th of the same month, said defendants gave notice to plaintiff, pursuant to sec. 5, chap. 64, Pub. Stat., that they offered and tendered payment of costs, and demanded another trial. The defendants Peck appeal from the judgment to this court, claiming that the court below erred, "first, in granting each of said motions; second, that the complaint is not sufficient to warrant the judgment; third, that the answer denies the plaintiff's claim, and shows the defendants superior rights; that the decree is irregular because not authorized by the evidence, and because it was not settled and signed by the court." The objections to the complaint are first, that "it does not show that the plaintiff has paid the purchase money of the lands claimed, or any part of the expense of entering said land; second, because it does not show that the plat by which the plaintiff seeks to describe the lands was made or executed according to law; third, because it does not show that the plaintiff performed any act or expended any money on or

towards the execution of the purposes for which he alleges he occupied said lots and blocks."

In regard to the matters in the first objection, the complaint is silent. In regard to the matters in the second objection, the allegations of the complaint are "that on the —— day of March, 1853, this plaintiff caused to be duly surveyed, marked and platted according to the statute in such case made and provided, by Simeon Folsom, a good and competent surveyor, and such by profession, that portion of the present town of Le Sueur City, which lies within and is a part of the north-west quarter of section 36, township one hundred and twelve, range twenty-six, with other lands adjacent thereto, and caused a plat of the lands so surveyed and platted by the said Folsom, to be duly recorded in the office of the Register of Deeds, &c." In regard to the matters in the third objection, the allegations are "that at the time of making the survey and plat, and of the record thereof, he was an occupant of said N. W. $\frac{1}{4}$ of Sec. 36, occupying and improving the same as a town site, and for the building up of a town thereon; * * * that at the date of the said application to enter the said lands, and of the entry and purchase thereof by the said corporate authorities, he was the sole and exclusive occupant of the several blocks, lots and fractions of lots enumerated and described in his statement in writing, * * * addressed to the town council, * * * occupying and improving the same, and each and every one thereof, as and for the purpose of erecting and building up a town thereon; * * * that neither the defendants nor any of them occupied or improved the said blocks, lots and fractions of lots in said statement mentioned, nor any part nor portion of the same, at the time of the said survey and making and recording of said plat, or at any other time whatever."

A. G. CHATFIELD, for appellants.

Austin & Warner, and Bigelow & Dalrymple, for respondent.

*By the Court*—Wilson, Ch. J.—This action was commenced against Kortum K. Peck and Dennis L. Peck, impleaded with the town council of Le Sueur City, and others. Kortum K. and Dennis L. Peck only answered. The plaintiff moved the court to strike out certain portions of the answer as irrelevant and redundant, and also to require certain portions of it to be made more definite and certain, and in default thereof that said portions should be stricken out. The motion was allowed, and the defendants neglecting to make more certain the portions of the answer objected to as uncertain, those portions were stricken out. The plaintiff then moved the court for judgment on the pleadings, which motion was allowed, and judgment entered accordingly. From the judgment the defendants, K. K. and Dennis L. Peck, appeal to this court. The grounds of appeal specified are, (1) that the court erred in granting each of the aforesaid motions; (2) that the complaint is not sufficient to warrant the judgment; (3) that the answer denies the plaintiff's claim, and shows the defendants superior rights; and (4) that the decree is irregular and void, because it is not authorized by the evidence, and because it was not settled and signed. It is also claimed by defendants, that on notice of payment, or tender of costs, they were entitled to a new trial, and that the plaintiff's insisting on judgment after such tender, is error. There is nothing in the last point made by the defendants. It appears by the record, that judgment was rendered January 13, 1863, and on the 26th day of the same month, the defendants' attorney gave notice to plaintiff, that pursuant to Sec. 5, Chap. 64 of the Pub. Stat., they offered payment of costs and demanded another trial. Whether the costs were received, or a new trial allowed, does not appear. No ruling of the court on this point is shown. No

such question as is suggested by defendants' counsel is therefore before the court. The judgment was properly signed by the clerk; no other signature was needed. Rule 37, Dist. Court. The judgment is the judgment of the court, not of the clerk, and we think is justified by the previous order. The defendants allege that the complaint is insufficient, (1) because it does not show that the plaintiff has paid the purchase money of the lands claimed, or any part of the expense of entering said lands, (2) because it does not show that the plat by which the plaintiff seeks to describe the lands was made or executed according to law, and (3) because it does not show that the plaintiff performed any act or expended any money on or toward the execution of the purpose for which he alleges he occupied said lots and blocks. It may here be remarked, that the complaint cannot at this time be attacked for indefiniteness or uncertainty. The defendants having answered without objection, they can now only object that it does not state facts sufficient to constitute a cause of action. As to the first objection urged. Before the plaintiff could compel the corporate authorities of Le Sueur to make him a deed, he would be required to pay or tender a just proportion of the sum expended in entering the land, &c. See Ch. 33, Pub. Stat. Secs. 11 and 12. But whether this sum has been paid or tendered is a matter that does not concern the appellants; it is a question solely between the corporate authorities of Le Sueur and the plaintiff, and has no bearing on the matter at issue between the plaintiff and the defendants. But in this case, the corporate authorities of Le Sueur having placed it out of their power to make a deed to the plaintiff, and having made an appeal to the courts necessary, such payment or tender could not be required as a condition precedent to bringing this suit. As to the second objection. The complaint states, "that on the —— day of March, 1853, the plaintiff caused to be duly surveyed, marked and platted, according to the statute in such case made and provided, by

Cathcart v. Peck et al.

Simeon Folsom, a competent surveyor, and such by profession, that portion of the present town site of Le Sueur, which lies within and is on part of the northwest quarter of section thirty-six, township one hundred and twelve, range twenty-six, * * * and caused the said plat to be recorded in the office of the Register of Deeds, &c." This at least after the judgment, sufficiently shows a legal platting. As to the third objection. That the land was occupied as a town site is clearly alleged in the complaint; indeed every one of the defendants bases his claim on that hypothesis. The plaintiff alleges, "that at the time of the making of the survey and plat, and of the record thereof, he was an occupant of said northwest quarter of section thirty-six, occupying and improving the same as a town site, &c." He further alleges, "that at the date of the application to enter said lands, and of the entry and purchase thereof by the corporate authorities, he was the sole and exclusive occupant of the several blocks, lots and fractions of lots enumerated and described in his statement in writing, addressed to said town council, occupying and improving the same, and each and every one thereof, for the purpose of erecting and building a town thereon." And further, "that neither the defendants nor any of them occupied or improved the said lots, nor any part or portion of the same, at the time of the survey, nor at any other time, &c." This is sufficient. These facts, if true, entitle the plaintiff to the property as against the defendants. See *Castner v. Gunther*, 6 Minn. 119, and an act for the relief of the citizens of towns upon the lands of the United States, under certain circumstances, approved May 23, 1864. Chap. 33, Pub. Stat. Had the defendants desired a more particular statement of the acts of improvement and occupancy by the plaintiff, their remedy was by motion to have the complaint made more certain. The complaint, therefore, we think, was sufficient. In *Castner v. Gunther*, 6 Minn. 119, it was held by this court, that in an action of this kind, the defendant cannot deny the title of the

plaintiff, except upon the terms of setting up a valid title in himself. An examination of the answer after the portions objected to have been stricken out, show that the defendants in this action do not allege any facts showing title in themselves. They therefore cannot by a mere denial compel the plaintiff to establish his title. Eight separate portions of the answer were objected to as irrelevant, redundant, indefinite and uncertain, and were stricken out by the court. The defendants insist that the rulings of the court in this respect were erroneous and prejudicial to their rights, and ask to have the judgment reversed on that account. That portion of the answer first objected to, is a denial of legal conclusions, which is not admissible under any system of pleading; nor does it even appear whether such denial related to any matters alleged in the complaint. The second portion stricken out is also obnoxious to the objections urged against it; it is either a statement of evidence, or of matters wholly irrelevant, and which if admitted would have no bearing on the case. The portion stricken out under the third objection reads as follows: "And these defendants deny all that part of the said complaint included in the following words, to-wit: 'that neither of the defendants nor any of them occupied or improved the said blocks, lots and fractions of lots in said statement mentioned, nor any part nor portion of the same at the time of the said survey or making and recording of said plat, nor at any other time whatever, and the said plaintiff alleges, that neither of the said defendants have any right, title or interest in or to the said lots, blocks or parcels or parts of lots, or any one thereof.'" The objections to this are manifest and numerous. The traverse or denial is too large; is of a negative allegation; is of time that is immaterial, &c. No illustration can be necessary to show that this is bad. It is an elementary rule of pleading, that facts should be stated directly and positively, and not by way of rehearsal, argument, inference or reasoning. Applying this rule to the por-

tion of the answer stricken out under the fourth objection, and also applying the rule that *facts* only must be pleaded, and it is quite apparent that that was also properly stricken out, every part of it being either a *recital* of facts by way of argument, or a denial of legal conclusions. The portion stricken out under the fifth objection, if admitted to be true, is wholly immaterial. The town authorities do not answer, and the rights of Peck as against said town authorities, is not a question involved in this case. If Peck and those claiming under him "furnished the means to pay for the lands," it gives them no title to or lien upon the lands, and if they paid the taxes as alleged, they perhaps have a lien upon the land for the amount thereof; but this would not authorize the town authorities to give them a deed or to withhold one from plaintiff. See act of Congress relative to entry of town sites, &c., approved May 23, 1854, and Chap. 33, Pub. Stat.

That portion stricken out under the sixth objection relates solely to the rights of the defendant, Nathan Myrick. Myrick does not answer, and it does not appear that the defendants have any right to answer for him, or that they have any interest in sustaining his title. The fact that Myrick's claim to the lots in question was derived from K. K. Peck by "bargain and purchase" does not necessarily make Peck liable for the failure of title, nor does it in any manner tend to strengthen Peck's title or claim to said lots. The appellants, therefore, have no right to complain because this is stricken out. Part at least of that portion stricken out under the seventh objection was bad as a pleading. The allegation that the plat mentioned was irregular, unlawful and void, and did not lawfully exist, is the allegation of a conclusion of law, and therefore bad. The denial "that the line between the settlement and claim of K. K. Peck and the said claim of the plaintiff mentioned in the said statement as 'the line above described' was not agreed upon between the original proprietors of said town as is alleged in the said statement, but &c.," is the denial of matter

wholly immaterial.  This line is referred to in the complaint
for the purpose of thereby accurately and intelligently
describing the lots and blocks claimed by the plaintiff.  It is
also referred to in the complaint as "the original claim line
between K. K. Peck and John W. Cathcart, being the north
line of the survey of Cathcart's addition to Le Sueur, made
by Simeon Folsom, in March, 1853, and platted and recorded
in the Register's office."  Whether the original proprietors
agreed upon this line, is as a matter of pleading, wholly
immaterial; as a matter of evidence, it might perhaps be
admissible for the purpose of showing that the other claimants
admitted plaintiff's rights to the lands in controversy.  It was
properly stricken from the pleadings.  The defendants per-
haps might properly complain that the denial as to occupancy,
ownership and improvement of said land, was stricken out,
were it not that these facts are fully and particularly denied in
another part of the answer which is not stricken out.  The
balance of this portion stricken out under seventh objec-
tion is wholly irrelevant and immaterial.  The part of the
answer stricken out under the eighth proposition, is subject
to the same objections that are pointed out to the portion
stricken out under the sixth; it was therefore properly
stricken out.  In striking out these several portions of the
answer there was no error.  The court may in its discretion
order a pleading to be made more definite and certain, and
unless the discretion is abused, the action of the court will
not be reviewed.  See *McGroth v. Van Wyck*, 3 Sandf. S. C.
R. 750; *St. John v. West*, 4 How. Prac. 329, 332; *Brown v.
McCunn*, 5 Sandf. S. C. R. 224.

There is nothing whatever in this case to justify us in hold-
ing that the court below abused its discretion in ordering cer-
tain portions of the answer to be made more definite.

The defendants' counsel having neglected to obey the order
of the court in this respect, the portions of the answer objected
to were properly stricken out.  We think the judgment of the
court below should be affirmed.