[No. 6055.]

HALL v. CUDAHY.

1. **Pleadings — Complaint — Separate Causes of Action** —A complaint which, in one cause of action, seeks to enforce a lien for labor performed or materials furnished under an express contract with the owner of the premises, and for other labor or materials performed or furnished, under contract with one in possession, under an executory contract of purchase, must state these causes of action separately.—(325, 326)

The requirement of subdivision 3 of sec. 70 of the Code is imperative. If objection is made in apt time, the complaint must be reformed; and if the order to that effect is disregarded, the pleading must be stricken from the files. The court has no discretion.—(327)

The objection must be taken by motion.

The question whether several causes of action have been improperly united must be raised by special demurrer.—(326)

2. **Ambiguity and Uncertainty** in the complaint may be assailed by a demurrer, or, it seems, by motion.—(326)

*Appeal from Gilpin County Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. W. C. MATHEWS, and Mr. J. M. SEARIGHT, for appellant.

No appearance for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action, to enforce a mechanics' lien upon a mine, is against Isaac Hall, the owner, and S. D. Hanna, who, it is alleged, had a contract with the owner for its purchase.

The complaint unquestionably contains two well-pleaded, separate and distinct causes of action blended in one statement. It first alleges that plaintiff and his assignors, under a contract with Hanna, furnished materials and performed labor in developing the mine, for which a lien thereon is asked, the

supplying of which, by the contract of purchase, the vendor Hall required of the vendee Hanna. It is evident that the pleader sought to, and did, state a cause of action within the decision in *Shapleigh et al. v. Hull,* 21 Colo. 419, which, in the circumstances stated, it is claimed gives a lien on the interest of both vendor and vendee. The complaint further proceeds, in the same general statement, with other allegations that these materials were furnished and the work done upon the mine with full knowledge by Hall, the owner, who did not, within the statutory time, give and post a notice that his interests in the mine shall not be subject to the lien.

It thus clearly appears that the complaint contains, in the one statement, two distinct causes of action against defendant Hall, the owner; the first being a liability upon an express contract; the second, a noncontract statutory liability, in that the owner disregarded the provisions of sec. 5 of our mechanics' lien act (Sess. Laws 1899, p. 267), which provides that the property of the owner, who has not made a contract for such improvements, is subjected to the lien if he acquires knowledge thereof and does not within five days thereafter give and post a notice that his interests shall not be subject to a lien for the same.

The defendant owner, Hall, for himself alone, filed a motion to the complaint, which, among other things, asked that these two causes of action be separately stated. This motion was overruled and Hall, by special demurrer, raised the same questions, which was also overruled and he then answered. Upon the issues of fact thus joined, defendant Hanna suffering default, the hearing resulted in findings for plaintiff, and a decree was rendered thereon awarding a money judgment against Hanna and establishing the lien against the interests of both

defendants in the mine. Defendant Hall brings the case here by appeal.

There can be no doubt that the motion is well taken. Subdivision 3 of sec. 70 of our Civil Code provides that where two or more distinct causes of action are united in the same complaint, "it shall be necessary to state separately in the complaint the different causes for which the action is brought." This is an imperative requirement. When this provision is violated the court has no discretion in the matter, but must, when a motion therefor is made in apt time, order them to be separately stated; and, if plaintiff fails to comply with the order, his complaint should be stricken from the files. In some states it has been held that a special demurrer is an appropriate remedy; but the rule which prevails in this jurisdiction, requires the objection to be taken by motion.—Code sec. 60; *Cramer v. Oppenstein,* 16 Colo. 504; *Orman et al. v. Mannix,* 17 Colo. 564; Bliss on Code Pleading (3d ed.), §§ 119, 120; Pomeroy's Remedies and Remedial Rights, §§ 447, 450, 575; 14 Enc. Pl. & Pr., p. 73 *et seq.,* p. 79; 6th Enc. Pl. & Pr., pp. 246, 272 *et seq.*

From the foregoing it will be seen that the question for decision here is not whether the complaint is ambiguous, or uncertain, or whether two causes of action have been properly united. The latter question, under Code sec. 50, must be raised by special demurrer, and is waived by answer. The former is also raised by demurrer, and, it seems, a motion, under secs. 60 and 75 is a concurrent remedy. —*Orman v. Mannix, supra;* 6 Enc. Pl. & Pr., p. 273. It has also been held that a motion to require a complaint to be made more specific or definite is addressed to the sound legal discretion of the trial court and its ruling thereon will not be reversed unless the discretion has been abused.—6th Enc. Pl. &

Pr., p. 280; *McDuffie v. Bentley,* 27 Neb. 380; *Cath-cart v. Peck,* 11 Minn. 45. And generally motions directed to such defects are waived by pleading over. —31 Cyc. 752.

Under the mandatory requirement of sec. 70, subdivision 3 of our Code, that different causes of action which are set up in the same complaint must be separately stated therein, though some authorities do not regard the vice as serious,—*Possell v. Smith,* 39 Colo. 127—it would seem that, when it has once been ascertained that two or more causes of action are thus pleaded, and certainly where, as here, they are inconsistent, the court has no discretion when the objection is made in apt time; but must require them to be separately stated. If, however, it is a discretionary matter, it is clear that, when it clearly appears that two or more such causes of action as we have here are intermingled in one count of the complaint, to refuse the seasonable request of the defendant to have them separately stated works to defendant's prejudice and is an abuse of discretion for which a reversal will lie. The reasons for such a holding are obvious. The defendant is entitled to have different causes of action separately stated, not only that he may determine for himself whether or not they are such as may be properly united in the same complaint, but also whether, when separately stated, any of them is subject to a motion or to a demurrer upon any other ground. Whatever the Code provisions may be as to what causes of action may be united in one complaint, it is uniformly held that they must be separately stated and in some states the statements must be numbered. The latter requirement is not in our Code.—Bliss on Code Pleading (3d ed.), §§ 119, 120.

In the case before us, as already said, there is not the slightest doubt that two distinct causes of

action have been intermingled in one statement of the complaint. We are not now concerned with the question whether they are such as may be properly united, if separately stated. It is the undoubted right of defendant to have them separately stated for the reasons already given. This complaint differs from the one which was considered by this court in *Gutshall v. Kornaley*, 38 Colo. 195. There it was said that there was some uncertainty as to the cause of action upon which the plaintiff relied, which objection, if it was good, was waived by answer. Here there is no uncertainty. Plaintiff has made it entirely clear by his complaint that he is relying upon two separate and distinct causes of action which he has, in violation of the mandatory provision of our Code, blended in one statement. A number of authorities upon the proposition we are considering will be found in the text books and authorities already cited. A case directly in point is *B. & L. Association, etc., v. Cameron*, 48 Neb. 124. Sec. 93 of the Nebraska code provides "where the petition contains more than one cause of action, each shall be separately stated and numbered." The complaint there contained two separate causes of action. The defendant objected at every stage of the proceeding that they were not separately stated, but the district court refused to compel the plaintiff so to state them. The defendant then answered and judgment went against him and he prosecuted error. The supreme court thus stated its conclusion: "It follows that the district court should have required the plaintiff to separately state and number his causes of action, and its ruling in that behalf is error calling for a reversal of the judgment." See, also, *Baltzell v. Nosler*, 1 Iowa 588; s. c. 63 Am. Dec. 466.

Other questions, some of them important and serious, have been discussed by counsel; but we do

not find it necessary to consider them. Because of the court's refusal to require the two causes of action to be separately stated in the complaint, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.