## No. 9052.

### BARTLE v. BOND ET AL.

CONTRACT—*Illegal—Public Policy*.  A promissory note and a mortgage of lands to secure it, given for the purpose of suppressing a criminal prosecution against the mortgagor, is void as against public policy.

*Error to Jefferson District Court, Hon. H. S. Class, Judge. En banc.*

Mr. S. J. SACKETT, Mr. C. A. IRWIN, for plaintiff in error.

Messrs. STOKES & SHERMAN, for defendants in error.

Opinion by Mr. Justice Teller.

THE plaintiff in error and his wife were plaintiffs below in a suit to enjoin the foreclosure by defendant in error Bond, as public trustee, of a deed of trust, executed by plaintiff and his wife.

The complaint alleged that the deed of trust and the note which it secured were executed under duress, and without

a consideration. The trial court found against the plaintiff in error on both of these questions, but in favor of his wife. The action, as to her, was accordingly dismissed. We are now asked to reverse the judgment on the ground that, as a matter of law, there was no consideration for the note and deed of trust, and that the undisputed evidence shows that the plaintiff in error, no less than his wife, acted under duress in executing said papers.

The testimony of the plaintiff is undisputed that he was threatened repeatedly with prosecution for embezzlement, unless he paid or secured to defendant, The Denver Transit & Warehouse Company, the sum which it was alleged he had embezzled; and that he was arrested without the issue of a warrant, and kept in jail over night, after which he was taken before a justice of the peace, where bail was given. Plaintiff further testified that he owed the said defendant nothing.

It appears that, after the said arrest, the president of said warehouse company and plaintiff in error met in the office of the company's attorneys, where the note and trust deed were executed. One of the company's attorneys testified that plaintiff in error, at said meeting, objected to giving the security if he was to be prosecuted in the Criminal Court; and that thereupon the papers were deposited with the partner of witness, who gave to plaintiff in error the following document, which was prepared by said attorney for the warehouse company:

"This is to certify that I have received from Fred C. Bartle a note for $3,000, secured by a mortgage upon land in Jefferson County, Colorado, and I have also received from Maud Galvin a certified check for $2,000, which note, mortgage and certified check are deposited with me upon the following conditions, viz.:

"That the said Fred C. Bartle is indebted to the Denver Transit & Warehouse Company in the sum of $5,000 and criminal proceedings have been instituted against him

through the office of the District Attorney and are now under his control.

"Now if the said District Attorney is willing to dismiss the said proceedings, the foregoing note, mortgage and certified check are to be turned over to, and delivered to, the Denver Transit & Warehouse Company, in settlement of, and in full satisfaction of, their claim against the said Bartle; but if the said District Attorney refuses to dismiss said proceedings, then the said note, mortgage and certified check shall be returned to Fred C. Bartle and Maud Galvin.

"Dated at Denver, Colorado, this 16th day of October, A. D. 1913.

(Signed) CHARLES A. STOKES."

Plaintiff in error relies upon this paper, and the evidence of the circumstances under which it was signed, to show that there was no valid consideration for the execution and delivery of the note and deed.

It is clear that said instruments were executed at the demand of the defendant company, and in accordance with an agreement evidenced by said escrow receipt. In determining what was the consideration of such agreement, it is wholly immaterial whether or not the sum claimed by the company was due. An agreement to give security for a debt is a matter quite apart from the transaction in which the debt was incurred.

An agreement to give security may be void, and the debt continue as a legal obligation.

From the escrow agreement it is plain that the dismissal of a criminal prosecution was the condition upon which the papers were to be delivered by Stokes; and the agreement to dismiss was the inducement—the consideration— for their execution and deposit with him.

The agreement was contrary to public policy, and void.

The plaintiff was therefore entitled to have the note and trust deed cancelled, and the court erred in rendering judgment against him.

As the judgment must be reversed for the reasons above given, it is unnecessary to consider the charge of duress.

The judgment is accordingly reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.

*Reversed and remanded.*