## No. 9803.

THE DENVER TRANSIT AND WAREHOUSE COMPANY *v.* BARTLE.

Decided February 7, 1921. Rehearing denied April 4, 1921.

Proceedings on motion to amend prayer of answer. Motion denied.

### *Reversed.*

1. PLEADINGS—*Amendment*—*Equity.* After remittitur from the supreme court, it was error for the trial court to deny a motion to amend the prayer of the answer, so that the relief asked would correspond with the approved findings of the court and equities of the case.

*Error to the District Court of Jefferson County, Hon. Harry S. Class, Judge.*

Mr. JESSE H. SHERMAN, Mr. ARCHIBALD A. LEE, for plaintiff in error.

Mr. SAMUEL J. SACKETT, Mr. C. A. IRWIN, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THE facts material to a presentation of the nature of the

cause here for review, and of the question to be determined, are as follows:

In 1913, the defendant in error, Fred C. Bartle, was accused of having embezzled from the plaintiff in error, The Denver Transit and Warehouse Company, the sum of $5,000. For the purpose of avoiding a criminal prosecution for embezzlement, Bartle delivered in escrow, and the Company subsequently received, a certified check for $2,000 and a note for $3,000, secured by a deed of trust. In 1915 proceedings were brought to foreclose the deed of trust, and thereupon Bartle brought suit to enjoin the foreclosure. The trial court found that at the time of the execution of the note and deed of trust, Bartle was indebted to the Company in the sum of $3,000 for moneys theretofore embezzled from it, and that the note and trust deed were given voluntarily and upon a good and valid consideration. Bartle then brought the cause to this court upon writ of error, and we held upon that review "that the dismissal of a criminal prosecution was the condition upon which the papers (note and deed of trust) were to be delivered" to the Company and that, for that reason, the note and trust deed must be cancelled. The cause was remanded for further proceedings in harmony with the views expressed in the opinion. *Bartle v. Bond,* 65 Colo. 367, 176 Pac. 832. When the cause was remanded to the trial court, the Company filed a motion to amend its prayer for judgment, as contained in its separate answer, so as to ask for a judgment against Bartle for $3,000 with interest and for body execution. The motion was denied, and to review the ruling in that respect the cause is now before us for review.

Our opinion and decision in *Bartle v. Bond, supra,* did not affect the decree of the trial court in so far as it found that Bartle was indebted to the Company in the sum of $3,000, and had embezzled that amount from it. The finding was within the issues and was relevant to the equities of the case. The principles of equity require the repayment of this money with interest. While Bartle was entitled to have the note and deed of trust cancelled, for

the reasons stated in *Bartle v. Bond, supra,* at the same time the Company was entitled to relief on account of the money due it. As we said in the former opinion, "an agreement to give security may be void, and the debt continue as a legal obligation." The opinion did not affect the debt. Bartle having sought equity should have offered to do, or been compelled to do, equity.

The judgment of the District Court is reversed and the cause remanded with directions to permit the Company, the plaintiff in error, to amend the prayer of its answer in the manner set forth in its motion, and to render judgment in accordance with such prayer.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER concur.