## No. 10,667.

### STOKES, ET AL. v. GALVIN.

Decided October 1, 1923.

Action for the recovery of the proceeds of a check. Judgment for plaintiff.

## *Affirmed.*

### *On Application for Supersedeas.*

1. ESCROW—*Adjudicated Cases.* An escrow agreement for the delivery of a certified check, if a certain criminal case should be dismissed by the district attorney, held void upon the authority of *Bartle v. Bond,* 65 Colo. 367, and *Galvin v. Stokes,* 68 Colo. 376, and the delivery and cashing of the check by defendants, without authority and unlawful.

2. RES JUDICATA—*Application of Doctrine.* The doctrine of res judicata is not applicable where the causes of action are not the same, and where the matters litigated, or that could have been litigated in the first action, are not the same as are involved in the suit wherein the rule is sought to be applied.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Messrs. LEE, LOUGHRIDGE & HEALY, for plaintiffs in error.

Messrs. IRWIN & FRIEND, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS suit was instituted by Maud Galvin against Charles A. Stokes and The Denver Transit and Warehouse Company to recover the sum of $2000, the proceeds of a certified check, which had been deposited with the defendant Stokes in accordance with the terms and conditions of a certain escrow receipt. This escrow receipt has twice been before this court, where it is set out in full, and where it

has been construed. *Bartle v. Bond, et al.,* 65 Colo. 367, 176 Pac. 832; *Galvin v. Stokes, et al.,* 68 Colo. 376, 191 Pac. 117.

The escrow receipt recited, in substance, that Stokes had received from one Bartle a note for $3000, secured by mortgage on real estate, and from Maud Galvin a certified check for $2000, on the following conditions: That Bartle was indebted to The Denver Transit and Warehouse Company in the sum of $5000, and criminal proceedings had been instituted against him through the office of the district attorney, and if the district attorney was willing to dismiss the criminal proceedings, the note, mortgage, and check, were to be turned over to The Denver Transit and Warehouse Company, in full settlement of the company's claim against Bartle; but if the district attorney refused to dismiss the criminal proceedings against Bartle, the note, mortgage, and check, should be returned to Bartle and Galvin. The receipt was dated October 16, 1913. The parties are here designated as in the court below.

The plaintiff claims that the delivery of the certified check, to defendant Stokes by plaintiff, was induced and compelled by fraud and duress, and was wholly without consideration, except as stated in the escrow receipt; that it was a contract contrary to public policy, and void; that about November 1, 1913, the plaintiff demanded the return of the check from Stokes, which was refused; that Stokes and The Denver Transit and Warehouse Company have wrongfully, fraudulently, and unlawfully caused the check to be cashed, and appropriated the proceeds of the same to their own use.

The defendants claim that the matters involved in this action have been, or could and should have been, adjudicated, and determined in an action brought by the plaintiff, Galvin, against these defendants, long prior to the commencement of the present suit, and long since finally ended; and defendants plead the judgment rendered in favor of the defendants in the former action in bar of this action. The record discloses the following facts, relative to the former proceedings:

On or about December 15, 1915, plaintiff Galvin commenced a suit against defendants to recover the possession of the certified check here involved, or for the value thereof; that on April 7, 1915, the cause came on for hearing on its merits to the court, without a jury; that at the conclusion of plaintiff's testimony, defendants moved for a nonsuit upon the ground that the testimony did not establish the cause of action involved, which motion was granted; that on May 17, 1915, a motion for new trial was overruled, and final judgment of nonsuit entered; that no writ of error was ever sued out from that judgment, and that the same became final, and has never been reversed.

It further appears that at the time the former action was commenced and prosecuted, the criminal proceedings herein referred to against Bartle, were still pending, and the check in question was then in possession of the defendant Stokes, who claimed to hold the same by virtue of the escrow receipt mentioned; that after the commencement of the former action, the criminal case pending against Bartle was tried to a jury and resulted in his acquittal.

It appears from the stipulation of the parties, that after the judgment of nonsuit in the former action had been rendered, the defendant Stokes delivered the certified check to the defendant, The Denver Transit and Warehouse Company, and the latter cashed the same and appropriated the proceeds thereof to its own use, claiming the right so to do because of the judgment of nonsuit in the former action.

In the instant case a general demurrer to the complaint was sustained by the court below, and the plaintiff electing to stand upon her complaint, brought the case here for review, where it was reversed. Thereafter answers and replication were filed, and trial had to the court without a jury, findings for plaintiff for the amount claimed, and judgment accordingly. The defendants bring the case here and ask for a supersedeas and reversal.

It is at once apparent that the paramount and outstanding question here involved, is whether the judgment of nonsuit in favor of the defendants in the former action is

available to them here as a bar to the present action. The disposition of this question substantially disposes of the other assignments of error.

In *Bartle v. Bond, supra,* this court, in construing the escrow receipt under consideration here, said: "From the escrow agreement it is plain that the dismissal of a criminal prosecution was the condition upon which the papers were to be delivered by Stokes; and the agreement to dismiss was the inducement—the consideration—for their execution and deposit with him. The agreement was contrary to public policy and void. The plaintiff was therefore entitled to have the note and trust deed cancelled, and the court erred in rendering judgment against him."

In *Galvin v. Stokes, supra,* this court, referring to the opinion of the court in *Bartle v. Bond, supra,* said: "A proper interpretation of the opinion in that case makes it controlling in the case at bar."

After holding that the doctrine of *in pari delicto* did not apply, this court then proceeded to say: "In this case the check was not delivered in accordance with the agreement, but in violation of it, therefore without any authority at all, and without the knowledge or consent of the plaintiff, and in direct violation of the express pledge of the escrow holder, who was for such purpose the joint trustee of the parties."

And the court further said: "If we follow the rule that if in a case where parties enter into a forbidden contract, the law will leave the parties where it found them, then in this case, it found the plaintiff's check in the hands of an escrow holder, undelivered and without authority to deliver, and therefore not lawfully cashed or paid. The delivery and cashing of the check was solely through the unauthorized and willful wrong of the defendants, hence the plaintiff is entitled to recover from them for these wrongful acts. The law will not permit them to so take advantage of their own fraud."

The escrow receipt having been held void, as we have seen, it is quite clear, as stated in the cases cited, that the

delivery of the check in question, by Stokes, to the defendant company, was without authority, and that it was not lawfully cashed or paid. The judgment of the lower court should be affirmed on the authority of the cases cited.

The judgment in the former action is not a bar to the present suit. The record does not disclose the basis for the nonsuit. It may have been for any one of several reasons. The escrow contract provided for a dismissal of the criminal case then pending against Bartle. It was not dismissed but proceeded to trial and verdict. The nonsuit may have been because of a premature commencement of the suit, and no supplemental pleadings were filed in that action.

Neither the former action nor the present suit could have been maintained until after it could be definitely known that the criminal case against Bartle would not be dismissed. The former suit was to recover the possession of the check or its value; the present action is to recover the proceeds of the check realized by defendants through their own unlawful and wrongful acts in delivering and cashing the same, without authority so to do. The causes of action are not the same, and all the matters litigated, or that could have been litigated, in the former action, are not the same as are involved in the present action.

We think the court below rightly held that plaintiff was entitled to recover.

Supersedeas denied and judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.