No. 14,214.

ZIMMERMAN *v.* HINDERLIDER ET AL.
(78 P. [2d] 351)

Decided April 4, 1938.

Messrs. Garwood & Garwood, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Shrader P. Howell, Assistant, Mr. Robert G. Smith, Mr. Lawrence R. Temple, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

An action for damages by plaintiff at trial and on error, against the state engineer, the deputy state engineer and the water commissioner of a certain water district, defendants at trial and on error.

Generally, plaintiff alleged that she was the owner of a storage reservoir in which she was entitled to store 5,998,200 cubic feet of water each year, of which, for a period of years, defendants had "maliciously, wilfully and continuously" deprived her. The first pleading set forth in the record is an amended complaint, consisting of several numbered paragraphs, to which a motion to strike certain portions and a motion to require plaintiff separately to state and number her causes of action were interposed. The motion to require plaintiff separately to state and number was granted, and the motion to strike was granted in part. On leave, plaintiff, omitting therefrom the matters stricken, filed a second

174

amended complaint, in which she set forth what she de-nominated four separate causes of action, numbered and designated as such. January 25, 1936, defendants filed a demurrer to the several causes of action, asserting that ambiguity, unintelligibility and uncertainty attended, that the statute of limitations barred, and that a cause of action had not been stated. October 30, 1936, over plaintiff's objection, defendants were given leave to withdraw their demurrer and to file a motion to strike the amended complaint from the files, for that, as said, plaintiff had "failed to separately state and number each of said alleged causes of action, but on the contrary has again in said second amended complaint joined and commingled said causes of action." The motion was granted, and on plaintiff's election to stand on her stricken pleading judgment of dismissal entered.

■ The point for determination is whether by demurring to the second amended complaint, defendants waived the right to attack the pleadings by motion as indicated. The Civil Code provides that plaintiff may unite several causes of action in the same complaint, but they must be separately stated. '35 C.S.A., vol. 1, c. 4, §76, subdivision third. That the causes shall be separately stated has been said to be "an imperative requirement." *Hall v. Cudahy*, 46 Colo. 324, 104 Pac. 415. A motion to require plaintiff to separately state the causes of action, was made to the first pleading to which we have referred, and sustained, and plaintiff took steps to comply with the order based on the ruling, as already related. After some thirty days, defendants, neither moving to strike the new complaint for noncompliance nor for separation of causes therein, challenged the amended pleading by demurrer, as indicated. When nine more months had elapsed, defendants sought and obtained an order to withdraw their demurrer with permission to file the motion which they might have interposed in the first instance.

We think that by the course adopted by defendants, they waived the right to question the sufficiency of plaintiff's effort to separate her alleged causes of action. In general, as to motions directed to pleadings and points made or which could have been made thereby, the holding is that the filing of demurrers or answers operate as a waiver thereof. To this general rule an exception seems to exist as to motions urged in the interest of separation of causes. In the case where the rule was announced (*Thomas v. Mahin*, 76 Colo. 200, 230 Pac. 793), the motion to require separation was timely, but wrongly denied, as we held, and, as we further held, the point was not waived by answer thereafter filed. We cited *Hall v. Cudahy, supra*. But in the latter case, as will be noted, Mr. Justice Campbell, speaking for the court, emphasized the importance of apt and seasonable presentation of the point. Defendants failed to observe that salutary feature of the rule.

Let the judgment be reversed, the demurrer to be reinstated and the case proceed in due course.

Mr. Chief Justice Burke, Mr. Justice Knous and Mr. Justice Holland concur.