No. 14,535.

ZIMMERMAN *v.* HINDERLIDER ET AL.
(97 P. [2d] 443)

Decided December 18, 1939.

Messrs. GARWOOD & GARWOOD, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. SHRADER P. HOWELL, Assistant, Mr. ROBERT G. SMITH, Mr. LAWRENCE R. TEMPLE, for defendants in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS is an action for damages brought October 23, 1935, by plaintiff, plaintiff in error here, against the state engineer, deputy state engineer, and water commissioner of district 3, division 1. Plaintiff alleged that such damages accrued to her by reason of a series of repeated unlawful acts of the defendant water officials in connection with her reservoir and the water rights decreed thereto. Although not disclosed by the record before us, it would appear from the files in *Zimmerman v. Hinderlider,* 102 Colo. 172, 78 P. (2d) 351, and statements in the briefs, that preliminarily upon motion of defendants, certain portions of the first amended complaint were stricken and plaintiff was required to separately state and number her alleged causes of action. Upon the granting of these motions the plaintiff elected to plead further and filed her second amended complaint wherein she set forth what she denominated four separate causes of action, numbered and designated as such, to which defendants, generally and specially, demurred. Thereafter, over plaintiff's objections, defendants by leave of court withdrew their demurrer and filed a further motion to strike from the files the second amended complaint. The motion to strike the complaint was sustained and, plaintiff electing to stand on said pleading, a judgment of dismissal was entered. Thereafter plaintiff brought the cause here by writ of error and, reversing the judgment of the lower court, we remanded the cause with directions to reinstate the demurrer and pro-

ceed in due course. *Zimmerman v. Hinderlider, supra.* In accordance with the remittitur the demurrer was reinstated by the lower court and, after argument, it was sustained in its entirety. Plaintiff elected to stand upon her second amended complaint and judgment of dismissal was duly entered. The errors assigned thereto by plaintiff, and upon which she seeks a reversal, are addressed solely to the proposition that the trial court erred in sustaining the demurrer to the several causes of action pleaded in the second amended complaint.

It is our conclusion that the trial court was wrong in sustaining the demurrer to the first and second causes of action, but right in sustaining it as to the third and fourth. The demurrer charged that the first cause of action was ambiguous; that it, as well as the second, third and fourth causes of action, failed to state facts sufficient to constitute a cause of action against defendants and that all, except the fourth, were barred by the six-year statute of limitations. The record before us does not disclose the ground or grounds upon which the trial court sustained the demurrer.

In the first cause of action plaintiff alleged that during all the times involved defendants had charge of the distribution of water in district 3, division 1, of the water districts of the state of Colorado; that plaintiff was the owner of a reservoir located in said water district, and of the decreed water right appurtenant thereto, having an adjudicated priority of the date of October 4, 1904, for the storage of 5,998,200 cubic feet of water; that pursuant to a conspiracy between the defendants to render her reservoir and water right worthless "on every day and date since the year 1925 when water was available under plaintiff's said decreed priority * * * the defendants, and each of them maliciously, wilfully and continuously failed and refused to deliver water to her or to permit her to store water in said reservoir;" notwithstanding that repeatedly from 1925 to 1934, and particularly in June 1925, May 1926, and July 1930,

plaintiff demanded of defendants that they deliver to her said reservoir the water decreed thereto, and that "at all times when the said demands were made upon the defendants, there was water available for the supplying of plaintiff's decreed right after supplying all prior appropriations."

It was further alleged that plaintiff owned and held said water right for the purpose of selling the water to irrigators of land in said district, and the only income from said water would arise from such sales; "that at all times mentioned herein there has been a steady market demand for water from plaintiff's reservoir; that the wrongful acts of the defendants, above mentioned, have prevented plaintiff from selling any of said water since 1925 and have destroyed the value of the water right appurtenant thereto; all to plaintiff's damage." The final paragraph described the manner in which plaintiff's reservoir fits into the water exchange system said to prevail in the district, and again alleged that in this connection there had been a steady demand for water such as plaintiff's reservoir supplies, but as a consequence of defendants' acts she has been deprived of this market.

The second cause of action incorporates by reference all of the allegations of the first, except for one paragraph, and therein plaintiff alleged that in 1925, 1927, and on July 30, 1930, at each of which times plaintiff's reservoir was filled with water which had been lawfully accumulated therein, defendants maliciously, forcibly and wrongfully, without notice to plaintiff, "tore open the headgates of the reservoir and emptied said reservoir and caused its contents to be released so that plaintiff was utterly deprived of the use thereof, and ever since the fall of 1930 defendants have wrongfully refused to permit any filling of said reservoir and the same had stood completely idle and useless as an irrigation structure."

█ █ It seems clearly evident from her pleadings that the primary legal right asserted by plaintiff arises from her ownership of the reservoir and the water right decreed thereto, which, for the purposes of the demurrer, is admitted; that the wrong of which complaint is made in the first cause of action was the refusal of the defendant water officials to deliver water to her reservoir when the same was available to her under her decree after all prior appropriations were supplied. The unlawful transgression asserted in the second cause of action was the alleged wrongful acts of the defendants in opening the headgates of the reservoir and emptying the same of water lawfully accumulated therein. Where a primary right is thus advanced and its violation alleged, a cause of action is stated, and as to the first and second causes of action the complaint was not vulnerable to general demurrers for insufficiency of statement of facts.

█ Defendants contend that the alleged uncertainty and ambiguity of the first cause of action make it subject to demurrer upon those grounds, and argue that the vice arises from the circumstance that plaintiff failed to state any specific dates or times when water was available for storage in the reservoir or when, to whom or for what price plaintiff might have sold or exchanged such water. We fail to perceive any ambiguity in the challenged allegations, and the uncertainty suggested savors, at most, only of indefiniteness of detail proper of consideration under a motion to make more specific, rather than a demurrable deficiency of allegations. If the plaintiff filed the amended complaint now under consideration after the trial court required, under motion of the defendants, that the original complaint be made more specific as to the particulars under discussion, as defendants say is the situation—although it does not appear from the record before us—and defendants neither moved to strike the amended complaint for noncompliance nor again asked that it be made more spe-

cific, but instead demurred on the grounds of ambiguity and uncertainty, it would seem likely, under the conclusion expressed in *Aetna Co. v. North Sterling Dist.,* 75 Colo. 185, 225 Pac. 261, that they waived the right to again challenge these matters on the previously asserted basis. In any event, the questioned allegations directly relate to the measure of special damages sought by plaintiff. Under the allegations of the first cause of action plaintiff was entitled to general damages resulting from the alleged wrongful acts of defendants, if and when proved, since from their nature injury to plaintiff must be presumed. Under such circumstances, a demurrer to a complaint for indefiniteness in setting up the measure of special damages is not good. *Aetna Co. v. North Sterling Dist., supra,* in which is cited: *Tucker v. Parks,* 7 Colo. 62, 1 Pac. 427; *City of Pueblo v. Griffin,* 10 Colo. 366, 15 Pac. 616; and *School District v. Ross,* 4 Colo. App. 493, 36 Pac. 560.

■■■ The series of grievances of which plaintiff complains, allegedly commenced in 1925. Upon the theory that her complete cause of action, if one she had, accrued as of that time, defendants contend that the first and second causes of action are barred by the six-year statute of limitations (§1, c. 102, '35 C. S. A.), since her suit was not filed until 1935. In support of this contention they principally rely upon the cases of *Middelkamp v. Bessemer Irr. Co.,* 46 Colo. 102, 103 Pac. 280; *Rose v. Agricultural D. & R. Co.,* 70 Colo. 446, 202 Pac. 112, and *Seven Lakes Res. Co. v. Majors,* 69 Colo. 590, 196 Pac. 860. In these cases it was held that an action to recover for injuries occasioned to land by seepage thereto of the waters from a permanent canal, properly constructed under lawful authority, accrues when the lands are first visibly affected and injured, and that the six-year statute of limitations begins its course from that time. These decisions are grounded upon the principle that since seepage constitutes a permanent injury the landowner may recover in one action all damages which already

have been sustained and all prospective damages to the end of time. This premise is not analogous to the situation in the case at bar. Here repeated wrongful overt acts, some occurring more than six years previous to the commencement of the suit and others within the six-year period immediately preceding that date, are alleged. For each of such transgressions separate and successive actions might have been brought to recover the damages as they accrued, and a judgment rendered in one of such actions for damages to the time that suit was instituted would be no bar to another action to recover damages for another like wrongful act occurring subsequent to the first judgment. In other words, if, in 1925, the plaintiff had sued and recovered for the injury she then claimed to have sustained, it could not be successfully contended that the judgment rendered in such proceeding would preclude her again suing in 1930 in the event the defendants again illegally refused to deliver her decreed water or destroyed the headgate of her reservoir. Thus is the situation presented in the case at bar distinguished from that in the seepage cases, since there the right of action for present and prospective damages accrued at the moment the seepage became visibly apparent. Where the trespasses are repeated, "a recovery may be had for all damages accruing during the statutory period before the commencement of the action although a recovery for damages previously accrued may be barred." 37 C. J., p. 893, §256. See, also, 37 C. J., p. 883, §249; *Wright v. Ulrich,* 40 Colo. 437, 91 Pac. 43, in which is cited *Home Supply Ditch Co. v. Hamlin,* 6 Colo. App. 341, 40 Pac. 582. Consequently, although the statute may limit her recovery, it does not bar her action for damages accruing within the six years preceding its institution.

■ The third cause of action is based on damages alleged to have been occasioned by slander of title, and the fourth, for injury from failure of defendants "to correlate or compile for plaintiff the exchange and storage

records * * * kept by the so-called authorized deputies of the defendant McAnelly in the performance of their duties as such so-called deputies," and upon the failure of defendants to permit plaintiff to have access to *said* records. In an action for damages for slander of property or title, "In order to show that the words uttered have caused injury to the plaintiff, it is generally necessary to aver and show that they were uttered pending some treaty or public auction for the sale of the property, and that thereby some intending purchaser was prevented from bidding or competing * * *. 'This action lieth not but by reason of the prejudice in the sale.' * * * If the plaintiff has merely a general intention to sell, or if the words uttered do not reach any intending purchaser, or if they do not prevent any sale, or are uttered after the sale is completed or agreed upon and contracted for, the plaintiff does not suffer any damage from their utterance." *Burkett v. Griffith,* 90 Cal. 532, 538, 27 Pac. 527. See, also, Newell on Slander and Libel (4th ed.), p. 200, §162; Bancroft's Code Pleading, vol. 3, §§1750, 1765; *Barquin v. Hall Oil Co.,* 28 Wyo. 164, 202 Pac. 1107, and *Hubbard v. Scott,* 85 Ore. 1, 166 Pac. 33.

The complaint before us merely alleges statements by the defendants Hezmalhalch and McAnelly to persons named to the effect that plaintiff's water right was worthless, and states no other or additional facts. Under the rule above set forth the third cause of action was vulnerable to general demurrer for this deficiency.

 The fourth cause of action likewise fails to state sufficient facts to constitute a cause of action. It is not charged therein that defendants refused to permit plaintiff access to any record the keeping of which was required by law, and it is not alleged that any legal duty rested upon defendants to furnish plaintiff with the compilations requested.

 In effect, plaintiff concedes that technically the third and fourth causes of action may not allege separate and independent causes of action but that they con-

tain only statements of additional means employed by defendants to consummate their purpose of injuring plaintiff's property, and she asserts that the separation of the allegations of her original complaint into four causes of action came about by what is claimed to be an erroneous ruling of the trial court. Consideration of the correctness of this ruling is not 'necessary on this review. Plaintiff, in compliance with such order, in the amended complaint before us separately stated and enumerated the four causes of action, as a result of which we must proceed upon the premise that they are distinct and that demurrers properly might be interposed to each.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.