No. 15,115.

ZIMMERMAN *v.* HINDERLIDER, STATE ENGINEER ET AL.
(148 P. [2d] 813)

Decided April 24, 1944.

Mr. MILTON C. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. SAMUEL L. FAIRLAMB, Assistant, Mr. LAWRENCE R. TEMPLE, Mr. ROBERT G. SMITH, of counsel, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there, or by name.

Plaintiff, claiming ownership of a decreed reservoir right, brought this action in 1935 alleging that defendants, ten years before, entered into a conspiracy to destroy that right, which conspiracy they had effectuated each day since, and prayed damages in the sum of $14,000. Defendants denied generally. The cause was tried to the court and they had judgment. To review that judgment plaintiff prosecutes this writ. The thirteen assignments, so far as they require cognizance, may be considered as one, i.e., the judgment is unsupported by the evidence.

This cause is here for the third time. *Zimmerman v. Hinderlider,* 102 Colo. 172, 78 P. (2d) 351; *Zimmerman v. Hinderlider,* 105 Colo. 340, 97 P. (2d) 443. In the first of the above cited cases an order to strike the amended complaint, upon which complaint plaintiff stood, was held erroneous and the judgment reversed. Thereupon demurrers to the four causes set forth in the amended complaint were sustained and plaintiff again elected to stand. Judgment of dismissal was entered and plaintiff

again came here on error. Whereupon, in the second of the above cited cases, we reversed as to the first and second and sustained as to the third and fourth causes and remanded for further proceedings. For further light on the foregoing see the two reports, supra. Trial followed as above noted. The cause was assigned to the writer February 16 last.

The trial court held that in order to recover under her complaint plaintiff must prove her right to store water, the denial of that right by defendants, storage of water under that right, and that it was wrongfully and maliciously turned out by defendants. That to recover against all she must prove conspiracy or concert of action, and that in order to recover against any she must prove items of special damage. In all this we think the court was right. The court further held that plaintiff had failed to prove her right to store, or that she had legally stored, or that defendants had illegally turned water out. Further, that no conspiracy, in law or in fact, was established, that plaintiff had made no timely demand for the water claimed, and that she had failed to establish the availability of water to supply her priority. Further, that water actually stored by her had been illegally stored, hence it was defendant's duty to turn it out, and that plaintiff had failed to comply with the irrigation laws and legal rules regulating such storage.

Under a well established rule all presumptions here favor those findings and the judgment following.

No evidence of conspiracy or concerted action between the defendants is disclosed by the record. Counsel's only answer to this defect is that such proof is here unnecessary. They are correct only if they claim no right to hold all defendants for the acts of each. In the absence of such proof they could in any event hold only those shown to have acted or failed to act in response to a legal duty imposed upon them. If there was here illegal action, or illegal failure to act, water commis-

sioner McAnnelly was solely responsible, hence this defect would of itself dispose of the cause as to all other defendants.

It is difficult to cite evidence to support a negative. The attempt would be futile here unless we should undertake to abstract substantially all the evidence in this record. Such recital would be valueless as a precedent and only serve needlessly to enforce our conclusion that the record is generally devoid of evidence to support plaintiff's claim. However, in the following particular we can with propriety be more definite.

The record discloses that plaintiff herself irrigates no land from the water stored in her reservoir; that her sole source of revenue therefrom arises from the sale of water to independent irrigators and that in years preceding any here involved she derived income therefrom. Assuming that her testimony established unlawful action, or failure to act, on the part of defendants or some of them, the record is totally void of any scrap of evidence as to the amount of that damage. Her counsel do not discuss the subject in their opening brief. They seem to admit the deficiency, however, because their closing sentence therein is—"The judgment should be reversed and new trial ordered for the limited purpose of ascertaining the amount of damages sustained by the plaintiff." The record itself shows that counsel rested below. It discloses no attempt to introduce such evidence and no request to reopen for that purpose. The absence of it is vigorously borne down upon by counsel for defendants in their answering brief. The reply scarcely notices this, makes no answer to it, but again closes with this sentence—"Plain and simple justice requires that this woman's cause be reversed for retrial as to damages." It is perfectly apparent that had plaintiff established all other elements of recovery the trial court's judgment could, under the circumstances, have awarded her only nominal damages.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BAKKE concur.