## JACKSON v. KIEL.

1. OBSTRUCTION OF PUBLIC STREET BY RAILROAD — PUBLIC NUISANCE.— The unauthorized obstruction of a public highway, especially if long continued, constitutes a public nuisance. A railroad, having obtained a right of way through a street, is not authorized to continuously blockade the space of intersection with another street. Obstructions thereof by the railroad must not permanently interfere with the ordinary uses of the crossing.
2. SAME — DAMAGES.— Where such continued obstruction of the street crossing takes place, and a lot-owner suffers peculiar injury therefrom not shared by the general public, he is entitled to compensation.
3. SAME — MEASURE OF DAMAGES.— The measure of damages in such cases is the difference in rental value occasioned by the nuisance or obstruction; though under proper circumstances the recovery may take a wider scope.

*Appeal from Superior Court of Denver.*

KIEL, plaintiff below, is the owner in fee of lot 3, block 36, West Denver. This lot, upon which is erected four dwelling-houses, with fences, out-buildings, etc., fronts a distance of sixty-six feet on Tenth street. Wyncoop street, which intersects Tenth street one hundred and thirty-two feet southeasterly of plaintiff's lot, furnishes the only approach thereto; Tenth street terminating a few feet beyond, and there being no connecting street or alley in the opposite direction.

The Denver & Rio Grande Railway Company erected its railroad tracks along Wyncoop street, through the space of intersection with Tenth street, and on the premises intervening between plaintiff's lot and said Wyncoop street. At the commencement of the action it had seventeen such lines of track; the nearest being within twenty feet of plaintiff's premises. During the time mentioned in the complaint, defendant, receiver of the road, kept continually standing upon these tracks a large number of freight cars, completely obstructing and cutting off plaintiff's ingress and egress with vehicles to and from his property. Touching this subject the complaint contains the following averment: That defendant has "continuously obstructed said Tenth street by standing cars thereon, to the exclusion therefrom of all travel thereon, and has cut off all access to and from plaintiff's said lot and premises by vehicles of every kind, so that his said dwellings have remained vacant, whereby," etc.

Defendant demurred to the complaint upon the ground that it did not state a cause of action. The demurrer was overruled; and from the order thus entered defendant appealed to the supreme court, under the practice act of 1885.

Thereafter the cause duly proceeded to trial; defendant's counsel appearing, cross-examining witnesses, offering evidence and interposing objections from time to

time. The trial resulted in a verdict and judgment for plaintiff, from which judgment another appeal was duly taken. By stipulation of counsel the two cases were consolidated, and the two appeals were to be heard and decided together.

Messrs. WOLCOTT & VAILE, for appellant.

Messrs. BROWNE & PUTNAM, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

We shall decline to follow counsel into a discussion of the question whether plaintiff has, and has sufficiently pleaded, a right to recover for injuries to his property occasioned by the construction and operation of the railway mentioned through the intersection of Tenth and Wyncoop streets. The complaint is not artificially worded, but it appears to have been framed upon the theory of an unlawful obstruction or abatable public nuisance, whereby plaintiff suffered a special and peculiar private injury; and we think enough facts are averred in support of this cause of action to justify the court in overruling the general demurrer interposed by defendant.

Both the pleading and evidence show clearly that the ingress and egress to and from plaintiff's property by vehicles was had solely by means of the intersection of Wyncoop street with Tenth — the street upon which his lot fronts. In no different way, circuitous or otherwise, could his premises be thus reached. The right to a free use of this space of street intersection for purposes of ingress and egress was therefore as closely identified with his lot, and interference therewith was as peculiar and personal an injury, as if the obstruction had prevented access from his lot to the street immediately adjacent thereto. A complete blockade of Tenth street at this point would produce damage to his property hardly less direct and serious than would the vacation and closing up of this street in front of his lot.

It appears beyond question that defendant kept a large number of railway cars on Wyncoop street, across the space of its intersection with Tenth; that during the entire period covered by the complaint the obstruction thus created rendered it absolutely impossible for vehicles of any kind to reach plaintiff's premises. The completeness of the obstruction is clearly shown by the testimony of defendant's own witness, the general yard-master of the railway company, who says, among other things: "We have never kept Tenth open, or recognized it as a street." It also, in like manner, appears that, in consequence of this obstruction, plaintiff was seriously damaged by the depreciation of the rents received for his premises.

Tenth street was a public highway; and an unauthorized obstruction thereof, especially if long continued, would constitute a public nuisance. If we assume that the right of way along Wyncoop street at this point was lawfully obtained, in the first instance, for the purpose of constructing and operating the railway, such right did not authorize the complete blockade of the crossing. Defendant could not absolutely destroy, for a considerable period, the usefulness of this part of Tenth street for the usual street purposes under any license or authority appearing in the record before us. He was bound to so use the right of way obtained as not to permanently prevent the passage of vehicles, and the employment of the street in other ordinary uses. Plaintiff, of course, could not recover for any general inconvenience thus occasioned which he may have suffered in common with the general public; but for the special and peculiar injury shown in this case he was doubtless entitled to compensation.

Appellant has no cause to complain of the measure of damages recognized in the charge to the jury. The difference in rental value occasioned by the nuisance or obstruction is the rule usually adopted in such cases;

though, under proper circumstances, the recovery may take a wider scope. The right to recover, if established, includes "the depreciation of rental value, by the difference, in other words, between the rental value free from the effects of the nuisance and subject to it." 3 Suth. Dam. 414, and cases.

The ruling of the court below, from which the first appeal was prosecuted, and its final judgment, from which the second appeal was taken, are both affirmed.

*Affirmed.*