## UNION PACIFIC RAILWAY COMPANY, APPELLANT, v. FOLEY, APPELLEE.

1. STREETS—UNLAWFUL OBSTRUCTIONS.

The unlawful obstruction of a public street more or less remote from abutting property entitles the owner of such property to a recovery therefor if it causes a special injury thereto, but not if the inconvenience is such as is shared by the public generally.

2. SAME—LIMITATIONS.

In an action by the owner of abutting property for permanent damages occasioned by the construction and operation of a railroad through a public street in an ordinary and lawful manner, the damages are the diminution in the market value of the property for any reasonable use to which it may be put, and the statute of limitations begins to run from the time the railroad company first occupied the street for such purposes; but in cases where the action is for the use of the street by the railway company in an improper manner, the cause of action, if any exists in favor of a private party, may arise daily so long as the nuisance continues.

*Appeal from the District Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN and Mr. C. M. KENDALL, for appellant.

Messrs. BROWNE, PUTNAM & PRESTON, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

This is an action to recover damages occasioned by the unauthorized use, by appellant, of a public street in front of appellee's premises. It is conceded that the railroad company's tracks were lawfully in the street, and that the company had the right to operate its cars thereon for ordinary railroad purposes. The grievance complained of is stated as follows:

" For six years past defendant has had three-rail track for standard and narrow gauge cars along Wynkoop street, a public highway between Eighteenth and Nineteenth streets, in Denver, which for that period it has used almost daily for moving cars on, and for standing, loading and unloading, and cleaning cars, so that said tracks and streets have been almost continuously occupied by cars of defendant so that access from one side of said street to the other has been rendered impossible; that said railway at said point during all of said time has not been used by defendant for ordinary railroad purposes, but has been converted into a yard, and thereby the use of said street as a public highway has been obstructed by defendant. That plaintiff is and since April 14, 1883, has been the owner in fee of lots 16 and 17 in block D, in East Denver, fronting 50 feet on Wynkoop street between 18th and 19th streets. That freight cars during past 6 years have been almost continuously left standing on said track, in front of plaintiff's premises, and have been loaded and unloaded on wagons standing between the cars and said lots, thus preventing teams from passing and repassing in front of said lots, whereby the use of said street has been rendered dangerous and inconvenient and plaintiff has been damaged in the sum of $5,000."

No cause for recovery is predicated upon the occupation of the street by the tracks of defendant company, or the operation of its cars thereon for ordinary railroad purposes ; bu the gist of the cause of action is the wrongful use of the street for loading and unloading cars in front of plaintiff's premises, and thereby shutting off all access from across the street and obstructing public travel by rendering the same dangerous and inconvenient. Such wrongful use of a public street may constitute a nuisance that might injuriously affect the right that plaintiff has therein as an owner of lots abutting thereon, and cause him special private damages recoverable under proper averment and proof. But, waiving the question whether the complaint herein is sufficient to sustain a recovery at all, as it is not raised by counsel for appellant, we are clearly of the opinion that the court below erred in refusing instruction numbered 6, as prayed for by appellant. From the evidence introduced it appears that cars of the defendant company were loaded and unloaded and cleaned along the entire length of block D, as well as in front of appellee's lots. The appellant asked the following instruction, which was refused :

" No. 6. The court instructs the jury that they are not to consider in any way the use of Wynkoop street and the track therein by defendant, whether proper or not, except only so much as is directly in front of plaintiff's premises ; and if plaintiff is entitled to recover at all, it will be only for damages suffered on account of the improper use of that part of said street which is immediately in front of said premises."

It is settled in this state that the unlawful obstruction of a public street more or less remote from abutting property, if it causes a special injury thereto, entitles the owner of such property to a recovery therefor. *Jackson v. Kiel*, 13 Colo. 378. But the application of this principle is not invoked by the pleadings and evidence in this case.

There is no allegation or proof that the obstruction of other portions of Wynkoop street not in front of plaintiff's premises caused him any special or peculiar damage, or any incon-

venience that was not shared by the public generally. It in no way appears that ingress or egress to or from the property was cut off or materially affected by loading or unloading cars at such other points, and the damage, if any, was caused by the wrongful use of the street in front of plaintiff's property. We think the recovery should have been thus limited, and the refusal of the court below to do so was an error prejudicial to appellant, and entitles it to a reversal of the judgment.

*Reversed.*

ON PETITION FOR REHEARING.

PER CURIAM. As indicated by the foregoing opinion, there is a manifest distinction between an action by the owner of abutting property for permanent damages occasioned by the construction and operation of a railroad through a public street in an ordinary, proper and lawful manner, and an action for the use of such street by a railway company in an improper manner. In actions of the former kind the damages, if any, are for the diminution in the market value of the abutting property for any reasonable use to which the same may be put; and the statute of limitations begins to run in such cases from the time the railroad company first occupies the street for such purpose. In actions of the latter kind, the law in respect to nuisances in the public highway applies; and the cause of action, if it exists at all in favor of a private party, may arise each day so long as the nuisance continues. The leading cases in this state upon these subjects are, *The City of Denver v. Bayer*, 7 Colo. 113, and *Jackson v. Kiel*, 13 Colo. 378. In the latter case Mr. Justice Helm sustained the complaint, on the ground that it was " framed upon the theory of an unlawful obstruction or abatable public nuisance, whereby plaintiff suffered a special and peculiar private injury."

In the present case it appears that a demurrer was sustained to the original complaint apparently on the ground that the complaint was framed on the theory of permanent

damages, and so was barred by the statute of limitations. The amended complaint, as shown by the former opinion, was obviously framed upon the theory that the manner of occupying and using the street by the defendant company in front of plaintiff's premises was a nuisance from which plaintiff suffered peculiar injuries not shared by the general public. Even if the complaint be held sufficient upon the latter theory, it was nevertheless necessary that the proof should show, not merely that plaintiff was injured by use of the street in an unlawful manner, but that the injury was different in kind from that suffered by the general public from the obstructions complained of. The fact that plaintiff had occasion to use the street more frequently than other persons for purposes of ordinary travel, might make his injuries greater in degree, but not necessarily different in kind.

It has been strongly urged on the rehearing that the amended complaint alleges the use of the street in an improper manner the whole distance between 18th and 19th streets; but it is not shown by the complaint that the injury thus occasioned to plaintiff differed in kind from the injuries suffered by the public generally, except, perhaps, in that portion of the street directly in front of his premises. In this respect the present case differs from the *Kiel case*. The court should, therefore, have restricted the recovery as requested by the instruction quoted in the foregoing opinion.

In *Frankle v. Jackson, Receiver*, 30 Fed. Rep. 398, cited by counsel for appellee, the opinion of the court shows that the street was used in an unlawful and improper manner " on the side of the street adjacent to her (plaintiff's) property, and that this was done without her consent and without compensation." The decision does not militate against the views we have expressed, but confirms them in most particulars.

The petition for rehearing must be denied.

*Rehearing denied.*