## No. 9694.

### THE SEVEN LAKES RESERVOIR COMPANY, ET AL. v. MAJORS.

Decided March 7, 1921.

Action for damages to land occasioned by defendants running water through plaintiff's property. Judgment for plaintiff.

*Reversed.*

1. ACTIONS—*Limitation.* An action to recover the value of land destroyed and damaged by reason of the use of a natural channel crossing plaintiff's property as a carrier for reservoir water, is a personal action and the six year statute of limitations is applicable thereto.

2. STATUTE OF LIMITATIONS—*When Statute Begins to Run.* In an action to recover for damage to and destruction of land by reason of the use of a natural channel by a reservoir company for carrying water, the statute of limitations began to run when the company commenced using the channel as a carrier, since the land was immediately damaged by such use.

*Error to the District Court of Larimer County, Hon. Robert G. Strong, Judge.*

Mr. H. N. HAYNES, Mr. WILLIAM V. HODGES, Mr. ROGER H. WOLCOTT, for plaintiffs in error.

Mr. AB. H. ROMANS, Mr. R. W. FLEMING, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

The suit is by Sarah T. Majors to recover for the destruction of and damage to her land, occasioned by defendants running a large volume of water into and through Dry Creek, a natural channel which crosses her property. Plaintiff had judgment for $2,750.00, and defendants bring the record here for review on error. The parties are referred to as they appeared below.

In 1906 the Seven Lakes company and one B. D. Sanborn, predecessor in interest of the defendant the Boyd Lake company, began to divert water from the Lake Loveland reservoir through Dry Creek to other of their reservoirs for storage and subsequent irrigation. It is claimed by plaintiff that the conveyance of such water through Dry Creek has cut a deep gulley, with precipitous embankments, which divides her land into two tracts, making them difficult of access, has washed away several acres and injured other land, damaged her irrigation ditch, and generally lessened the value of her property.

The parties entertain absolutely divergent views respecting their relative rights in the premises. It is contended by plaintiff that, having established her ownership of this channel, and an unlawful entry by defendants, who, as plaintiff claims, had the right of eminent domain, she may recover the value of the land destroyed and the damages to the residue, any time within twenty years after such entry. The defendants say that the action is in assumpsit, or on the case, and was barred by the six year statute of limitation, as more than that period passed from the time the cause arose to the commencement of the suit.

It is admitted that defendants have used the channel in the manner and for the purpose alleged since 1906. The question to settle is whether, whatever claim plaintiff had was barred by the six year statute, section 4061, R. S. 1908. The portions thereof which have a bearing upon this case are as follows:

"The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterward: * * *

"Fourth.—All actions of assumpsit, or on the case founded on any contract or liability, express or implied.

"Fifth.—All actions for waste and for trespass upon land."

In *Roberts v. Northern Pac. R. Co.,* 158 U. S. 1, the court in discussing the effect of delay in such cases said at page 11, 15 Sup. Ct. 756, at page 758 (69 L. Ed. 873) :

"So, too, it has been frequently held that a land owner, knowing that a railroad company has entered upon his land and is engaged in constructing its road without having complied with the statute, requiring either payment by agreement or proceedings to condemn, remains inactive and permits them to go on and expend large sums in the work, he will be estopped from maintaining either trespass or ejectment for the entry, and will be regarded as having acquiesced therein, and be restricted to a suit for damages." (Citing cases).

In *Northern Pac. R. Co. v. Smith,* 171 U. S. 260, 18 Sup.

Ct. 794, 43 L. Ed. 157, the court quotes with approval from *McAulay v. Western Vermont R. Co.*, 33 Vt. 311, 78 Am. Dec. 627, as follows:

"It is certain, according to the English decisions, that he (the landowner) cannot stop the work, and especially the trains upon the road, if he has, in any sense, for the shortest period, clearly given to the company, either by his express consent or by his silence, to understand that he did not intend to object to their proceeding with their construction and operation. * * * If there was then a waiver in fact, either express or implied, by acquiescence in the proceedings of the company, to the extent of not insisting upon payment as a condition precedent, but consenting to let the damages be and remain a mere debt, with or without a lien upon the roadbed, as the law may turn out to be, then it is impossible to regard the defendants in any sense in the light of trespassers or liable in ejectment."

The rule appears to be that actions like the one at bar are based either upon an implied promise to pay, or upon a liability under the constitution, providing that private property shall not be taken or damaged without compensation. *U. S. v. Great Falls Mfg. Co.*, 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846; *U. S. v. Buffalo Pitts Co.*, 193 Fed. 905, 114 C. C. A. 119; *Snowdon v. Ft. Lyons Canal Co.*, 238 Fed. 495, 151 C. C. A. 431.

This court and our Court of Appeals have repeatedly, either directly or impliedly, held that the six year statute of limitation applies to actions for damages where parties, having the power of eminent domain take possession of land and use it, with the knowledge of the owner, and he neglects to enjoin them, or fails to bring suit for damages within such statutory period, on the implied promise to pay when the facts justify such implication. Such non-action and neglect are held an acquiescence in such entry and use. These cases cover actions for lands taken as well as for consequential damages to lands not taken. *Greeley S. L. & P. R. Co. v. Yount,* 7 Colo. App. 189, 42 Pac. 1023; *U. P. R. R. Co. v. Foley,* 19 Colo. 280, 35 Pac. 542; *U. P. R. R. Co. v.*

*Benson,* 19 Colo. 285, 35 Pac. 544; *Middlekamp v. Bessemer Irr. Co.,* 46 Colo. 102, 103 Pac. 280, 23 L. R. A. (N. S.) 795; *Stuart v. Colo. Eastern R. Co.,* 61 Colo. 58, 156 Pac. 152; *Denver & Santa Fe R. Co. v. Hannegan,* 43 Colo. 122, 95 Pac. 343, 16 L. R. A. (N. S.) 874, 127 Am. St. Rep. 100; *Denver & Santa F. R. Co. v. Domke, et al.,* 11 Colo. 247, 17 Pac. 777.

It is contended that this suit is one affecting real estate, under our constitutional provision already referred to, but the object of the suit is clearly the recovery of the value of land destroyed, and for damage to adjacent land, nothing more or less. In the very nature of things it cannot be an action to recover possession of, nor does it in any way affect title to land. In other words, it is a personal action, pure and simple. This is manifest, as defendants had a lawful right, under statutory provision, to use the channel of the stream for the purpose of carrying water, and if, in so doing, they destroyed certain, and injured other, land of plaintiff, an ordinary suit in damage is the natural and logical remedy, subject to the legal rules applicable thereto. The damage was a mere incident to the right the defendants had to so use the channel, and there was no such taking as is contemplated in eminent domain. Even though defendants may have had the right of eminent domain, a question under the circumstances of this case by no means free from doubt, but failed to exercise it, that fact in no way changes their legal liability, or the rights or remedies of the plaintiff. In discussing the effect of the failure of a corporation to exercise the right of eminent domain, it is said in 15 Cyc. 997:

"Statute or charter provisions frequently fix the time within which the owner must move in order to avail himself of the remedy provided by statute for the recovery of compensation, and the date from which, or the event upon the occurrence of which, the limitation begins to run. In the absence of some special statutory provisions applicable thereto, the general statute of limitations applies to proceedings by the owner of the land condemned, and the

general rule is that, as soon as the construction or operation of the improvement unreasonably abridges the enjoyment of the owner, his cause of action accrues, and the statute begins to run."

The averments of the complaint affirmatively show that the injury complained of did not arise out of an appropriation of land for use by the defendants, but from the erosion and washing away of the banks of the creek and damage to adjacent land by running an unusual volume of water along such channel and through such land. It is in effect precisely the same kind of damage which results from seepage from an irrigating canal. The same rules of law apply to causes of action in the one case as in the other. The action was single, one in which recovery for all damage, past, present and future, could and should have been had. That the six year statute runs against such causes is declared in *Middlekamp v. Bessemer Irr. Co.*, 46 Colo. 103, (103 Pac. 280, 23 L. R. A. [N. S.] 795), where it is said, in the syllabus:

"An action to recover for injuries occasioned to land, by seepage thereto of the waters of a canal, properly constructed under lawful authority, accrues when the lands are first visibly affected and injured. The statute of limitations begins its course from that date. The land owner may recover, in one action, all damages which have been sustained and all prospective damages, to the end of time. After the lapse of six years from the first visible and sensible appearance of the injury the action is barred."

Among the authorities cited in the Middlekamp case, *supra*, are several involving a like injury because of the conveyance of water through land of a plaintiff. One such case is *Powers v. Council Bluffs*, 45 Iowa, 652, 24 Am. Rep. 792, where the city cut a ditch along a street and across the end of Powers' lots, obtaining from him a relinquishment of the right of way. Later, by reason of the enlargement of the ditch and lack of proper protection of the grade the water began to erode the land so that the ditch became forty feet wide and twelve feet deep. The special damage

began in 1866, but suit was not begun until more than six years thereafter. It was held that the suit involved but a single cause of action, and was barred by the Iowa five year statute of limitation.

The land in question was visibly adversely affected by the introduction of the added flow of water in 1906, and the right of action was a permanent one. Plaintiff continued to have the undisturbed and exclusive possession of the channel for ten or more months each year and at all times enjoyed its use in common with the defendants. The gravamen of the suit is to recover the resultant or consequential damages occasioned by the increased flow of water, as part of a system for conveying it to the reservoirs of defendants. The principles announced in the Middlekamp case as to the bar of the statute are applicable to the facts here.

That this action cannot be maintained on the theory urged by plaintiff is illustrated by the opinion in *Snowdon v. Ft. Lyon Canal Co., supra.* In that case Snowdon, a Pennsylvania citizen, sued the canal company, a Colorado corporation, which without his consent had entered upon his land and thereon constructed a reservoir, not having exercised its right of eminent domain, and without having compensated plaintiff for the land taken. In discussing the remedy, at page 498, the court said:

"We have not been referred to any legislation of the state of Colorado, nor have we been able to find any, which would compel the land owner to proceed under the condemnation statute to recover his damages; and, the complaint having alleged that no proceedings had been instituted by the defendant for the purpose of ascertaining the damages due said plaintiff for the property taken and damaged, the defendant is not at liberty on the present record to claim the benefit of any provision of the condemnation statute. The question then is: May the plaintiff waive the tort, conceding the facts pleaded show a trespass on the part of the defendant, and sue as upon an implied contract for the value of the land?"

The court then proceeds to answer the question in the

affirmative, citing with approval *U. S. v. Great Falls Mfg. Co., supra,* in support of its ruling; also quoting from *U. S. v. Lynah,* 188 U. S. 445, 23 Sup. Ct. 349, 47 L. Ed. 539 as follows:

" 'It does not appear that the plaintiffs took any action to stop the work done by the government, or protested against it. Their inaction and silence amount to an acquiescence—an assent to the appropriation by the government. In this respect the case is not dissimilar to that of a landowner who, knowing that a railroad company has entered upon his land and is engaged in constructing its road without having complied with the statute in respect to condemnation, is estopped from thereafter maintaining either trespass or ejectment, but is limited to a recovery of compensation';" and continues: "This seems to be the law in Colorado; *Denver & S. F. Ry. v. School District,* 14 Colo. 327, 23 Pac. 978; *Denver & R. G. R. R. Co. v. Doelz,* 49 Colo. 55, 111 Pac. 595; *Edwards v. Roberts,* 26 Colo. App. 538, 144 Pac. 856; *Stuart et al. v. Colo. Eastern R. Co.,* 61 Colo. 58, 156 Pac. 152. It is the rule generally"—(citing cases).

Upon the facts of this case, the opinion in *Strickler v. Midland Ry. Co.,* 125 Ind. 412, 25 N. E. 455, is particularly significant and persuasive. In that case land belonging to plaintiff had been appropriated by the railway company for a right of way, and a track had been constructed thereon. Plaintiff stood by and failed to enjoin the company from proceeding, and also failed to exercise his right to have damages assessed in condemnation proceedings. He did, however, institute an action to recover damages. The Indiana statutes provide that for injuries to property, damages for any detention thereof, and for recovering possession of personal property, the action shall be commenced within six years after the cause of action has accrued. It appears that his action for damages had been commenced after the running of the six year statute of limitation. In discussing this phase of the case, the court, at page 418, said:

"A trespass is a tort, an injury to person or property, and the particular trespass complained of in this case is an in-

jury to the real property of the appellant, and that portion of the third clause of the foregoing section * * * applies to this class of actions, prosecuted to recover damages for injuries to real property. (Citing authorities). It is well settled that in trespass the statute runs from the time the trespass was committed, and not from the time the full extent of the injury is ascertained." (Citing authorities).

Upon principle and authority plaintiff's right of action accrued when the defendants began the use of Dry Creek, since the land was immediately damaged thereby. The six year limitation statute started to run then. The time limit expired long before the commencement of this suit, and the judgment given, in view of the objection urged that the action was barred, was unwarranted. Our own decisions settle this beyond peradventure, and we need not look elsewhere for authority. Since the action was barred, it is not necessary to discuss or consider other errors assigned.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss it.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.