No. 17,510.

PUEBLO, A MUNICIPAL CORPORATION *v.*
JOHN M. MACE.
(284 P. [2d] 596)

Decided July 5, 1955.

Mr. JOHN H. MARSALIS, Mr. GORDON D. HINDS, for plaintiff in error.

Messrs. BARTLEY & BARTLEY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE City of Pueblo is seeking to reverse a judgment against it in the sum of $3,000.00 obtained by defendant in error, as plaintiff under a complaint filed by him on the 22nd day of September, 1953, alleging damage to his property by reason of the faulty construction and maintenance of an approach to a viaduct constructed against a building on his property. The building was constructed about the year 1880 and acquired by plaintiff in 1940. In 1906 and 1907, the city constructed South Main Street viaduct over railroad tracks, using eighty feet, being the full width of the city's right of way for the construction of the approach to the viaduct, which was built on the property line and flush against the two-story brick building now owned by plaintiff.

It is the city's contention that plaintiff, a recent owner of the building claimed to have been damaged in the year 1907 when the viaduct approach was constructed, cannot now recover damages, because he bought the building subject to the burden of the viaduct approach. In support of this contention reliance is had upon our six-year statute of limitations; the city further contends that all damages, past, present and future, were, or should have been, assessed at the time of the construction and recovery sought within six years from the completion of the viaduct; that all damage for the construction accrued to the then owner, and did not pass with the land, and the present owner has no right of recovery.

It is urged by plaintiff, now defendant in error, that he is entitled to recovery for injury to improvements on the real property, if any, which occurred within six years prior to the filing of this action if such injury was

due to the negligent construction, maintenance or use by the city, and that the rules concerning recovery in eminent domain cases do not bar his action for damages which were new or of a different nature than those caused by the original taking of his property for a public purpose; that his right to such damages accrued to him at the time of the actual injury and not to his grantor at the time of the taking; and finally, that plaintiff cannot be held to have assumed any risk except to the end that the viaduct and the approach thereto with its retaining wall were properly constructed and would properly be maintained by the city in keeping with its duty to maintain the viaduct and its appurtenances in such a condition as would not cause injury to plaintiff's property.

It evidently was assumed by the city that the former owners of the property now involved, had constructed the building on the front lot line and the city built its retaining wall flush against the building, and in so doing, encroached about two inches on the southeasterly front corner. The owner suffered loss of ingress and egress; the lower front doors and windows were entirely sealed off from use; and the building was burdened by pressure from an eighty-foot wide approach to the viaduct about ten or twelve feet high which was constructed for a main highway.

There is testimony to the effect that plaintiff, present owner, stuccoed the building in 1944 or 1945, and a former Pueblo city engineer during the years from 1937 to 1946, testified that there had been some movement of the retaining wall of the approach to the viaduct that had happened subsequent to the time stucco was placed on the building. He further testified that the last repair job on the South Main Street viaduct was within the last year; that prior to that time there was a drop as you drove north over the bridge and came to the approach; further, that there was some corrugation of the blacktop surface of the street; and that in going off the bridge, traveling down the approach, this depression and corru-

gation put more pressure onto the street by the trucks and automobiles and it would tend to shake up the street and the surrounding territory. The building had been remodeled to private apartments for dwelling purposes, and a tenant of the building testified that prior to the time the bridge was fixed there was lots of vibration that would shake the building, and the building would move when diesel trucks went over the bridge; and there is not so much of this since the repair. The owner had testified that he had asked the city officials to look at the property in 1952; that they did so in 1953, and told him that it would cost too much to replace the retaining wall; and that if the front wall of plaintiff's building was removed the retaining wall would fall down.

█ █ We can go part way with counsel for the city in their contention that the present owner in 1940 acquired the building with all of the burden thereon; that the door is closed on the question of faulty construction after the expiration of the six-year period of limitations following the construction; and that the attendant public use of the street and viaduct was anticipated at that time; however, counsel for the city overlook the duty of the city to keep its streets in proper repair to the end that any reasonable use thereof will not be injurious or damaging to adjacent property. In other words, no liability can now attach by this action for negligent construction of the viaduct approach; but this does not apply to possible liability for maintenance or use. In this instance, the damages that were clearly established by the evidence were of a new or different nature to those caused by the original taking of the property. In an early Colorado case, *Denver City Irrigation & Water Co. v. Middaugh*, 12 Colo. 434, 21 Pac. 565, the court established the rule in this jurisdiction that there is a distinction between damages that are natural, necessary or reasonable and those which arise from negligence or unskillful construction or *use* of the improvement, in the following apt language:

"The reported cases under similar statutes have generally treated of the damages recoverable for seizure of land under the right of eminent domain, for railroad or highway purposes; and, so far as I have investigated the decisions, I find the general current of authority to be that all the damages, present and prospective, that are the natural, necessary or reasonable incident of the improvement, must be assessed in the condemnation proceedings, not including such as may arise from negligent or unskillful construction or use thereof."

This case has not been overruled and has later been cited with approval.

■ We are to bear in mind that in the present case negligence was alleged and proven, and the instruction given by the trial court clearly limited any finding to injury suffered from negligence and want of care in the construction or the subsequent use of the viaduct approach, and with specific limitations to damages occurring since 1947 to the time of the filing of this action. That instruction is as follows:

"The Court instructs the jury that if you find from a perponderance [preponderance] of the evidence that plaintiff's building has been damaged since September, 1947, by vibration and pressure of the retaining wall to the approach of the Main Street viaduct, and if you further find from a preponderance of the evidence that such vibration and pressure were the result of defendant's failure to properly maintain said retaining wall, then you should find the issues in favor of the plaintiff and allow him such damages as he has suffered thereby."

Defendant city was given the benefit of the following instruction:

"The Court instructs the jury that if you find from a preponderance of the evidence that defendant has maintained the viaduct approach as a public highway in its present location for a period of over eighteen years prior to the commencement of this action, it thereby acquired an easement to continue to so maintain it in such location

in the future, and that if any damage resulted to plaintiff's property solely because of the fact that his property was immediately adjacent thereto and was subject to vibrations from the flow of traffic thereon, then your verdict shall be for the defendant."

If the city constructed or maintained the approach to its viaduct in such a manner as to permit an encroachment upon plaintiff's property, it follows that it should answer in damages. The record clearly discloses that the retaining wall for the viaduct approach was constructed flush against plaintiff's building, and giving defendant city the benefit of doubtful faulty construction, it is clear that the city did not keep the viaduct in proper repair, as hereinbefore indicated, which neglect caused movement and continuous vibration of the approach resulting in new pressure or an aggravation of the old pressure against plaintiff's building. This constituted recurring trespasses, and under our decision in *Zimmerman v. Hinderlider,* 105 Colo. 340, 97 P. (2d) 443, in which Mr. Justice Knous stated, "Where the trespasses are repeated 'a recovery may be had for all damages accruing during the statutory period before the commencement of the action although a recovery for damages previously accrued may be barred.' "

Counsel for the city contend that plaintiff did not prove the exact cause of the movement of the retaining wall against the building. It can hardly be expected that plaintiff would be able to establish the exact cause of such movement; however, conditions over which plaintiff had no control caused it to happen and it would indicate that defendant city failed to use reasonable care to prevent the use and change in the viaduct from injuring plaintiff's property. This was clearly a ministerial duty falling squarely on the city.

An examination of the record discloses that the case was fairly tried and submitted to a jury under instructions clearly stating the law, fair to both parties litigant; and the jury having resolved the facts in favor of plain-

tiff on ample evidence, its verdict and the judgment based thereon will not be disturbed; accordingly, it is affirmed.