525 P.2d 1183 (1974)
Orion C. SHOCKLEY, Plaintiff-Appellant,
v.
PUBLIC SERVICE COMPANY OF COLORADO, Colorado corporation, et al., Defendants-Appellees, and
Vern W. Smith Construction Company et al., Defendants.
No. 73-206.
Colorado Court of Appeals, Div. I.
June 18, 1974.
Rehearing Denied July 9, 1974.
Certiorari Denied September 9, 1974.
Ronald F. Weiszmann, Jerald J. Devitt, Golden, for plaintiff-appellant.
Holme, Roberts & Owen, Peter H. Holme, Jr., Denver, for defendant-appellee J. A. Jones Const. Co. and Patrick Harrison, Inc.
Lee, Bryans, Kelly & Stansfield, Fred L. Witsell, Denver, for defendant-appellee Public Service Co. of Colo.
Davis, Graham & Stubbs, Thomas S. Nichols, Andrea Williams, Denver, for defendant-appellee Stone & Webster Engineering Corp.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff appeals from an order granting summary judgments in favor of Public Service Company of Colorado; J. A. Jones Construction Company; Patrick Harrison, Inc.; and Stone and Webster Engineering Corporation, who are four of the twelve defendants named in his complaint. The *1184 judgments appealed from were entered in accordance with the requirements of C.R. C.P. 54(b), and the other defendants are not involved in this appeal.
Plaintiff's amended complaint contained two claims for relief against the defendants-appellees. The first was in the nature of a quiet title suit and the second was a claim for damages based upon an alleged trespass to land. By way of answer, the defendants-appellees disclaimed any interest in the property and, among other defenses, affirmatively pled the statute of limitations in bar of the trespass claim. Defendants then filed motions for summary judgment supported by appropriate affidavits. Plaintiff filed no counter-affidavits. However, the deposition of the plaintiff was before the trial court when the motions were heard.
Only the plaintiff's claim for trespass is before us on appeal. The amended complaint alleged that defendants were responsible for the widening of a county road which resulted in an encroachment upon property belonging to plaintiff. However, the uncontradicted affidavits of defendants established that the construction work referred to in plaintiff's complaint was completed prior to October 1, 1964, and that no work on the road was performed by these defendants at any point where it traversed plaintiff's property subsequent to that date. The original complaint was filed on August 30, 1971more than six years following the termination of the construction.

I
Plaintiff's first contention is that the six-year period of limitation set out in C. R.S.1963, 87-1-11(6), should not begin to run from October 1, 1964. He asserts that the trespass involved here arises, not only out of the construction of the road upon his property, but out of the continual use by these defendants of the completed roadway. He concludes the trespass is a continuing one for which he is entitled to file successive suits for damages. We disagree.
The trespass alleged in this action is susceptible of only one recovery. Where the alleged trespass arises in connection with construction of permanent improvements, the right of action accrues, and the statute of limitations begins to run, upon the completion of those improvements. Middelkamp v. Bessemer Irrigating Ditch Co., 46 Colo. 102, 103 P. 280. See also, Hankins v. Borland, 163 Colo. 575, 431 P.2d 1007; Pueblo v. Mace, 132 Colo. 89, 285 P.2d 596; Seven Lakes Reservoir Co. v. Majors, 69 Colo. 590, 196 P. 334; Denver & Santa Fe Ry. v. Hannegan, 43 Colo. 122, 95 P. 343. In this case, plaintiff's alleged injury occurred during the construction that permanently widened the county road. The trespass cannot, therefore, be viewed as a continuing trespass.
Plaintiff's contention that the trespass alleged constitutes a continuing trespass does not present a genuine issue of material fact so as to preclude summary judgment. His argument raises only a legal question which was properly decided against him by the trial court.

II
Plaintiff also argues that a genuine issue of material fact is raised by his contention that the trespass was concealed from him by the defendants and that such concealment would toll the statute of limitations until he had acquired actual knowledge of the injury.
The basis of his argument is an allegation that one of the defendants not involved in this appeal failed to mention the construction to him during certain telephone conversations. No agency or other legal relationship is alleged, other than by argument, between that person and any of the defendants-appellees. Plaintiff's deposition reveals nothing which would justify finding that any of the defendants-appellees sought, in any way, to conceal or to prevent plaintiff from discovering the construction.
*1185 Plaintiff cites Rosane v. Senger, 112 Colo. 363, 149 P.2d 372, in support of his argument. However, that case is inapposite since it dealt with the concealment of the cause of a known injury in a medical malpractice case. Here, there is no concealment shown either of the cause or the injury itself. See Miller v. Industrial Commission, 106 Colo. 364, 105 P.2d 404.
Again, plaintiff has failed to assert facts which, if proven, would justify a finding in his favor. Thus, the summary judgment entered in favor of these defendants was proper. Iowa National Mutual Insurance Co. v. Boatright, Colo.App., 516 P.2d 439.
Judgment affirmed.
SMITH and RULAND, JJ., concur.