BAD BOYS OF CRIPPLE CREEK MINING COMPANY, INC., a Colorado corporation, and David G. Graham, Plaintiffs–Appellants,

v.

CITY OF CRIPPLE CREEK, Colorado, a Colorado municipal corporation, and Gaynell Holcomb, Teller County Treasurer, Defendants–Appellees.

No. 99CA0115.

Colorado Court of Appeals, Div. IV.

Feb. 17, 2000.

Catherine A. Seal, Colorado Springs, Colorado, for Plaintiffs–Appellants.

Felt, Houghton & Monson, LLC, Charles T. Houghton, Colorado Springs, Colorado, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

In this inverse condemnation action, plaintiffs, Bad Boys of Cripple Creek Mining Company, Inc. (Bad Boys) and David G. Graham, appeal the judgment dismissing their claim against defendants, the City of Cripple Creek (City) and Gaynell Holcomb, Teller County Treasurer, and holding that their claim is barred by the statute of limitations in §§ 13–80–102(1)(h) and 13–80–102(1)(i), C.R.S.1999. We affirm.

The following facts are undisputed. Graham purchased the property at issue here in 1989 and later deeded it to Bad Boys, which currently operates a turquoise mine on the

property. Graham is the president and sole director of Bad Boys. At the time of purchase, a city-owned water transmission line crossed plaintiffs' property.

In 1991 and 1992, the City constructed a new water transmission line near the original line and filed a petition for condemnation to acquire a portion of plaintiffs' property. The transmission line ran through the property being condemned and also extended north through the property at issue here. However, the property at issue here was not part of the property being condemned. During the condemnation action, the City asserted a claim for an easement by prescription, but that claim was denied. Ultimately, the court required the City to pay the full value of the property it sought to condemn.

According to plaintiffs' verified complaint, when plaintiffs applied for a conditional use permit to conduct mining operations on the property, the City requested that the county impose on the mining activities a fifty-foot setback from the water transmission line. The county granted the permit, but reserved the issue on the setback request because the mining operation was moving away from the water transmission line.

Concerned that the issue will return when their mining operations move toward the water transmission line, plaintiffs filed this action for inverse condemnation. The trial court, however, granted defendants' motion to dismiss plaintiffs' claim.

## I.

Asserting that this is a claim regarding a prescriptive easement for which the applicable statute of limitations is § 38–41–101, C.R.S.1999, plaintiffs contend that the trial court erred when it applied the statute of limitations set forth in §§ 13–80–102(1)(h) and 13–80–102(1)(i). We are not persuaded.

### A.

Defendants' motion to dismiss stated it was brought pursuant to C.R.C.P. 12(b). However, the motion also stated that it should be treated as one for summary judgment and quoted from Graham's deposition in the condemnation action. In addition, the response and reply to the motion included attachments.

The order granting the motion states only that, after considering the pleadings:

1. The undisputed facts establish that the Plaintiffs' claim is barred by the applicable statute of limitations, C.R.S. 13–80–102(1)(h) and (i).

2. The Court finds that the statute of limitations defense is dispositive of the issues and therefore does not reach or rule upon the other defenses raised by the City.

■ Because the court did not expressly exclude the attachments to the pleadings and also referred to the undisputed facts, we assume for purposes of this appeal that it considered matters outside the pleadings and treated the motion as one for summary judgment. *See* C.R.C.P. 12(b); *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992)(if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in C.R.C.P. 56).

Summary judgment is appropriate only when the pleadings and supporting documents demonstrate that no genuine issue exists as to any material fact and that the moving party is entitled to summary judgment as a matter of law. We review an order granting a motion for summary judgment *de novo. Vail/Arrowhead, Inc. v. District Court,* 954 P.2d 608 (Colo.1998).

### B.

■ Additionally, our review is limited to that portion of the property used by the City for the construction of the water transmission line which was not included in the prior condemnation. We do not review any claim for compensation for property to be included in the fifty-foot setback. As noted above, plaintiffs conceded in their complaint and brief on appeal that the County reserved the issue of the fifty-foot setback and granted plaintiffs' permit application. Accordingly, to the extent plaintiffs' inverse condemnation claim includes the fifty-foot setback, such a contention is not ripe for our review. *See*

*Williams v. City of Central,* 907 P.2d 701 (Colo.App.1995)(claim for inverse condemnation alleging that government has executed permanent regulatory taking is not ripe until final decision has been made as to uses to which property may be put).

### C.

■ We also hold that § 13–80–102(1)(h) is the statute of limitation that applies to plaintiff's claim, not § 38–41–101.

Section 38–41–101 applies to claims seeking title by adverse possession. *See Smith v. Hayden,* 772 P.2d 47 (Colo.1989). Section 38–41–101(1), C.R.S.1999, provides:

> No person shall commence or maintain an action for the recovery of the title or possession or to enforce or establish any right or interest of or to real property or make an entry thereon unless commenced within eighteen years after the right to bring such action or make such entry has first accrued or within eighteen years after he or those from, by, or under whom he claims have been seized or possessed of the premises. Eighteen years adverse possession of any land shall be conclusive evidence of absolute ownership.

Section 13–80–102(1), C.R.S.1999, addresses the statute of limitations for actions against government entities and provides in part:

> The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:
>
> . . . .
>
> (h) All actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in this section or section 13–80–103.
>
> (i) All other actions of every kind for which no other period of limitation is provided. . . .

Section 13–80–102(1)(h) applies to all actions against governmental entities, regardless of the theory upon which suit is brought. *Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995).

■ In contrast to adverse possession, inverse condemnation allows a landowner to recover just compensation for a taking of property when condemnation proceedings have not been instituted. *State v. The Mill,* 809 P.2d 434 (Colo.1991).

Plaintiffs' action here is not one for recovery of title or possession by adverse possession. Rather, plaintiffs' claim is for inverse condemnation. The complaint is entitled "VERIFIED COMPLAINT IN INVERSE CONDEMNATION" and alleges that "the City has failed to exercise its right of eminent domain, and has failed to pay Bad Boys just compensation for the Appropriated Property." In their opening brief, plaintiffs note that this is an action in "inverse condemnation" to recover damages for the placement of the unauthorized water transmission line. Consequently, it is a civil action against a governmental entity and is governed by § 13–80–102(1)(h).

In addition, plaintiffs cannot rely on a theory that the City is claiming an easement by adverse possession and that the eighteen-year period in § 38–41–101 applies. In *Seven Lakes Reservoir Co. v. Majors,* 69 Colo. 590, 196 P. 334 (1921), plaintiff sued to recover for the destruction of and damage to her land, caused by a large volume of water that defendants, including a reservoir company, ran through a natural channel that crossed her property. Plaintiff claimed she could recover the value of the land destroyed and the damages to the residence any time within twenty years after such entry. The supreme court held that plaintiff's right of action accrued when defendants began use of the channel. Although the supreme court held there was no taking, it stated:

> This court and our Court of Appeals have repeatedly, either directly or impliedly, held that the six year statute of limitation applies to actions for damages where parties, having the power of eminent domain take possession of land and use it, with the knowledge of the owner, and he neglects to enjoin them, or fails to bring suit for damages within such statutory period, on the implied promise to pay when the facts justify such implication. Such non-action

and neglect are held an acquiescence in such entry and use. These cases cover actions for lands taken as well as for consequential damages to lands not taken. *Seven Lakes Reservoir Co. v. Majors, supra,* 69 Colo. at 593, 196 P. at 335.

Further, *Fishburn v. City of Colorado Springs,* 919 P.2d 847 (Colo.App.1995), upon which plaintiffs rely, does not require a different result. There, a division of this court was addressing specific statutes regarding contract actions, liquidated debt, and a determinable amount of money due, not actions for inverse condemnation.

Thus, we conclude that § 13–80–102(1)(h) is the appropriate statute of limitations for plaintiffs' claim.

## II.

Plaintiffs nevertheless contend that, even if a shorter limitation period applied, they brought their claim within two years of any claim accruing. We disagree.

In pertinent part, § 13–80–108(1), C.R.S. 1999, provides that a cause of action for injury to property shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. *See Jones v. Cox,* 828 P.2d 218 (Colo.1992).

■ Whether the statute of limitations bars a particular claim is usually a fact question. *Mastro v. Brodie,* 682 P.2d 1162 (Colo. 1984). However, if the undisputed facts clearly show that a plaintiff discovered, or reasonably should have discovered, the injury and its cause as of a particular date, the issue may be decided as a matter of law. *See Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152 (Colo.App.1995).

■ We conclude that plaintiffs' cause of action for inverse condemnation accrued when the City began using the property with plaintiffs' knowledge. *See State v. The Mill, supra* (statute of limitations in inverse condemnation action begins to run when taking occurs); *Seven Lakes Reservoir Co. v. Majors, supra.*

Here, although the trial court found that the statute of limitations defense was dispositive of the issues, it did not determine when plaintiffs' claim accrued. Plaintiffs contend that the earliest date that the injury was known to them was November 26, 1996, when the City first alleged that it possessed a prescriptive easement on their property in the condemnation suit. We disagree.

The verified complaint in the present case alleges that, in 1992, when the City relocated the water transmission line, it did not purchase an easement and chose to place the line in the ground without the consent or authorization of the owners of the property. Graham stated in an affidavit:

> [W]hen the City constructed a water line across my property, I asked them what they were doing, to which they replied that they had the right to place the line there. Because I knew there were other water lines in the area, I assumed, based on this claim of right, that they had an easement and the line was being placed within the easement.

Thus, it is undisputed that plaintiffs knew the City was relocating its line in 1991 and 1992. Although plaintiffs were made a party to the condemnation action, it is also undisputed that plaintiffs took no steps to seek relief regarding the property at issue here until they filed the present action.

Consequently, as a matter of law, plaintiffs' cause of action accrued at the latest in 1992 when Graham became aware that the City was relocating the water transmission line. *See Winkler v. Rocky Mountain Conference, supra.* Graham's alleged assumption that the City had an easement is insufficient to defer accrual until 1996 as plaintiffs contend. Because they did not file their claim until August 31, 1998, we conclude that plaintiffs claim does not comport with the two-year limitations period in § 13–80–102(1)(h).

## III.

■ We also reject plaintiffs' contention that the City is estopped from asserting the bar of the statute of limitations.

■ When a party's acts or omissions contribute to the running of a statute of limitations, the doctrine of equitable estoppel may bar that party's raising the limitations statute as a defense. Thus, when a defendant's wrongful actions have been the cause of a plaintiff's failure to institute a timely action, the defendant may be estopped from relying upon the resulting delay as a defense to the plaintiff's claim. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners*, 948 P.2d 1002 (Colo.1997).

Plaintiffs apparently contend that because the City filed its condemnation action in 1992, alleging that respondents to the condemnation action were the owners of the property, it could not later claim an easement interest. Thus, because the City failed to disclose its alleged easement interest until four years after filing the condemnation action, it is estopped from asserting the defense of statute of limitations in the present case. We disagree.

As a preliminary matter, plaintiffs have not included any portion of the record related to the 1992 condemnation action in the record on appeal. Further, plaintiffs have failed to cite any authority indicating that the City was legally required to make any disclosure.

Plaintiffs rely on § 38–1–102, C.R.S.1999, for the proposition that a condemning authority is required to state in its petition for condemnation the names of all persons interested as owners. We conclude that § 38–1–102 is not applicable here. The filing of the condemnation action did not preclude plaintiffs from conducting their own inquiry.

While plaintiffs were aware of the relocation of the water transmission line in 1991 and 1992, and their title commitment revealed that no easement existed for a water transmission line, plaintiffs did nothing to protect their interests. There is no evidence to demonstrate that defendants engaged in any conduct which adversely affected plaintiffs' ability to file their claim. Thus, there is no evidence that defendants are estopped from asserting the statute of limitations defense.

In light of our disposition, it is unnecessary to address plaintiffs' remaining contentions regarding acquiescence and compulsory counterclaims.

Accordingly, the judgment is affirmed.

Judge ROY and Judge VOGT concur.